THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY G. SINGER, Petitioner, v. Honorable ERSKINE C. ROGERS, Individually and as Justice of the Supreme Court, and Others, etc., Respondents.— The petitioner, Henry G. Singer, applies for an order (Civ. Prac. Act, art. 78) which shall restrain respondents from proceeding with, entertaining, determining or making any order with respect to the application made by notice of motion dated April 19, 1938, of Special Assistant Attorney-General Hiram C. Todd, Esq., addressed to and now pending before Hon. Erskine C. Rogers, Justice of the Supreme Court, for an order directing that Henry G. Singer, petitioner, be tried together with William W. Kleinman and Giuseppe F. L. Dardis under indictment No. 14. Application for such order of restraint granted. The same petitioner applies for a further order (Civ. Prac. Act, art. 78) which shall restrain the same respondents from proceeding with the trial of petitioner upon indictment No. 14 before respondent Justice Erskine C. Rogers. Application for such order of restraint denied. The application first mentioned is in effect an appeal from an order of severance (Code Crim. Proc. § 391) previously made at Special Term. No such review is lawful. (*People* v. *McLaughlin,* 150 N. Y. 365, 367.) All proceedings in criminal cases, generally speaking, are governed by the Code of Criminal Procedure. (*People* v. *Redmond,* 225 N. Y. 206, 208; Code Crim. Proc. § 22.) Unless justification for the order of joinder,

under the circumstances here, is found therein, it does not exist. (*People ex rel. Hirschberg* v. *Orange Co. Ct.*, 271 N. Y. 151, 155.) The joinder applied for is not within the purview of the Code of Criminal Procedure, section 279. The right of review by appeal is purely statutory. (Code Crim. Proc. §§ 515 *et seq.*) There is nothing in that Code or in any special statute (Code Crim. Proc. § 22, subd. 9) which contemplates an order of joinder made at a co-ordinate (Extraordinary) term of the Supreme Court where a valid order of severance made at a Special Term thereof is extant. As to the further application of the petitioner to restrain the respondents from trying him before the respondent justice, the jurisdiction of the latter and of the Extraordinary Term as to such trial exists. Justice Rogers is not disqualified by the incident relating to the Hogan affidavit. (*People* v. *Silverman*, 252 App. Div. 149, 175.) If, however, the justice is called as a witness with reference thereto and gives material testimony, serious error requiring a reversal of the judgment will be committed. Under such circumstance, the justice would properly declare a mistrial, if defendant made a motion to that effect. It is noted that a motion made by petitioner is now pending undecided before the justice that he disqualify himself from proceeding for the asserted reason that he is to be called as a witness upon the trial. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Taylor, JJ.