THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WALTER A. McDERMOTT, Defendant.
THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HELEN ESSEX, Defendant.

Supreme Court, Rockland County, February 23, 1943.

*Bleakley, Platt & Walker* for defendants.

*George V. Dorsey, District Attorney,* for plaintiff.

HINKLEY, J. These are two separate applications to remove the above-entitled criminal actions from the County Court, Rockland County, to a term of the Supreme Court in the same county.

From a practical viewpoint it is difficult to understand why the motions are so strenuously opposed. The affidavits upon these motions do not establish any improper conduct upon the part of the County Judge in his relations with the prosecution upon which these indictments were found by the grand jury. By removal there would be no inconvenience. Instead of a county judge there would be a choice of several justices of the Supreme Court upon the trials of the indictments.

The defendants upon their applications swear by affidavits that upon the trials they intend to call the County Judge as a material witness. Counsel of standing in the community appearing for the defendants has stated in open court that he has a

like intention. The District Attorney contends that the County Judge would be privileged from acting as a witness and questions the good faith of the defendants and their counsel. The District Attorney is in error as to the first contention, and the court must and does take the good faith of the defendants and their counsel at its face value.

That a judge may give testimony as a witness before a court of which he is a member is not to be doubted either under the English practice or in this State (6 Wigmore on Evidence [3d ed.]. § 1909, p. 586; 70 C. J., Witnesses, § 236).

That a judge before whom the cause is tried cannot likewise be a witness is equally well established (2 Taylor on Evidence [12th ed.] § 1379, pp. 870, 871; 6 Wigmore on Evidence [3d ed.] § 1909, p. 588; 70 C. J., Witnesses, § 237).

" But where the judge, who is called to the witness box, is actually trying the cause, and his continuance in action as judge is necessary to the seemly and proper trial of the cause, then he may not become a witness; it is error so to do, and if objection be made, and exception taken, it is fatal error " (*People* v. *Dohring,* 59 N. Y. 374, 378; *People ex rel. Liberty* v. *Cooke,* 188 App. Div. 351, 354; *People ex rel. Singer* v. *Rogers,* 254 App. Div. 865, appeal denied, 278 N. Y. 741.)

To avoid fatal error and a consequent miscarriage of justice or a new trial, the indictments must be removed from the County Court.

There is another very good reason why the orders of removal should be made. So far as the affidavits upon these motions disclose, the County Judge acted entirely within his province as a presiding judge from whose court the grand jury emanated and whatever was done by him was required in the proper performance of his office. But, under the circumstances, the inference sought to be drawn from the affidavits constitutes not only practical but legalistic " good cause " for the removal of the indictments from the court over which he alone presides. It is axiomatic that a proper administration of the law demands not only that courts and judicial officers refrain from actual bias but that they avoid all appearance of unfairness known as implied bias. Proceedings before a grand jury and the trial of the indictments are separate and distinct steps in the prosecution of crime. This is recognized in the statute where a ground for a challenge of a petit juror for implied bias is that he served on the grand jury which found the indictment. (Code Crim. Pro. § 377, subd. 4.) That which is true of a juror is equally true of a trial justice. But one illustration will suffice to exem-

plify the care which courts exercise to avoid even the appearance of bias by a presiding judge. An affidavit was sworn to before a presiding justice in his rooms in the borough of Manhattan. The court said: " The act of the trial justice did not disqualify him. He had the power to do what he did. However, it is our opinion it was an act which were better left undone. If, perchance, the affidavit became the subject of a controversy it might resolve itself into a question of fact between the affiant and the justice, especially where the matter involves the likelihood of a prosecution over which the justice may preside. It might become necessary for the justice to be a witness on the trial — a most undesirable situation to contemplate." (*People* v. *Silverman*, 252 App. Div. 149, 175.)

The granting of the motions is required in the interest of justice; in the light of judicial precedent; as a matter of discretion and by all the rules of ordinary practice and common sense.

Orders may be entered removing the indictments herein from the County Court of Rockland County to a term of the Supreme Court to be held in the same county.