Del Vecchio, J.
This is a motion to dismiss the complaint upon the ground that it does not state facts sufficient to constitute a cause of action.
The action is by a retail liquor store operator and the Central New York Liquor Dealers’ Association, Inc., for a judgment declaring that the City of Syracuse retail sales tax is inapplicable to sales of alcoholic beverages in sealed packages for off-premises consumption or, in the alternative, that the tax is to *585 be computed only on the retail price of bottled liquor less Federal and State excise taxes included therein.
An action for declaratory judgment is a proper remedy to determine whether or not the sales tax is applicable and if so the basis for such tax. (Dun & Bradstreet v. City of New York, 276 N. Y. 198.)
The general statutory authority for local sales taxes is found in subdivision (a) of section 1 of chapter 278 of the Laws of 1947, and amendments thereto, which empowers cities with a population less than one million to adopt local laws imposing, among other taxes, “ Taxes on retail sales of tangible personal property at a rate not in excess of two per cent of the receipts therefrom, except * * * food and food products sold for human consumption including, but not limited to, cereals and cereal products, * * * coffee and coffee substitutes, beer or other similar malt beverages, tea, cocoa and cocoa products; * * * but not excepting soft drinks or sodas and beverages such as are ordinarily dispensed at bars and soda fountains or in connection therewith (other than coffee, tea and cocoa, beer and other similar malt beverages) ”. (Emphasis supplied.)
Pursuant to that enabling act, the City of Syracuse adopted Local Law No. 5 of 1951, effective January 1, 1952, which imposed a 2% tax on retail sales of tangible personal property, with exceptions and in language substantially identical to the statute quoted above.
Subsequent thereto, the Syracuse commissioner of finance promulgated certain sales tax regulations, three of which are challenged by plaintiffs as invalid insofar as they attempt to make taxable the sale of bottled liquor for off-premises consumption. Briefly, those regulations are: regulation 3, which includes in the definition of a “vendor” every person selling wines, liquors and other alcoholic beverages; regulation 12, which imposes the tax on “ Soft drinks and sodas and beverages such as are ordinarily dispensed at bars and soda fountains or in connection therewith (other than coffee, tea and cocoa, beer and other similar malt beverages) ”; and regulation 32, which lists wines and liquors as taxable.
Plaintiffs contend that defendants are not authorized to impose and collect a sales tax on'the retail sale of alcoholic beverages for off-premises consumption because the State and local laws expressly exclude from their operation ‘ ‘ food, and food products ”; that liquor is a food or food product within such exemption and that the regulations are therefore invalid and the tax illegal.
*586 It is well settled that the determination of what articles or transactions are taxable is a legislative function and not the function of an administrative officer. (Matter of Good Humor Corp. v. McGoldrick, 289 N. Y. 452.)
The term “‘food’” has received various interpretations, ranging from a broad definition which includes “ ‘ all articles used for food, drink, confectionery, or condiment by man or other animals, whether simple, mixed or compound ’ ” (Savage v. Jones, 225 U. S. 501, 529-530) to a more restricted meaning limited to solid materials and excluding beverages or drinks. (Nock v. Coca Cola Bottling Works of Pittsburgh, 102 Pa. Superior Ct. 515; Commonwealth v. Kebort, 212 Pa. 289.) With regard to alcoholic beverages, at least one court in this jurisdiction has held that whisky is to be regarded as a stimulant rather than a food, even under a broad definition which includes as food “ ‘ all articles used for food, drink, confectionery or condiment ’ ”. (Bolivar v. Monnat, 232 App. Div. 33, 35.)
In the present case it is not necessary, however, to decide whether liquor is a food or food product within the meaning of chapter 278 of the Laws of 1947, as amended, and Local Law No. 5 of the City of Syracuse for 1951. Assuming that liquor is to be so classified, this court is of the opinion that it is removed from the tax exemption extended to food by the statutory clause ‘ but not excepting * * * beverages such as are ordinarily dispensed at bars ” (L. 1947, ch. 278, § 1, subd. [a]).
There can be little doubt, giving the words their plain meaning, that liquors sold at retail are “ beverages such as are ordinarily dispensed at bars ’ ’. In this connection, plaintiffs assert that the term “ bars ” is a word of broad meaning including any counter on which food or beverages are served. They refer to the Syracuse telephone directory which, they say, lists under the classification restaurants, snack bars, coffee bars, milk bars, soda bars and lunch bars. Admitting plaintiffs may be correct and that the term is sufficiently broad to include establishments of the type mentioned, that is no indication that it should not also be given its common meaning — viz., a place for the sale and service of liquor and intoxicating beverages. (See Hinton v. State, 137 Tex. Cr. Rep. 352; Greil Bros. v. Mabson, 179 Ala. 444, and Mayor of Leesburg v. Putnam, 103 Ga. 110.) In the absence of a clear legislative intent to the contrary, the word “ bar ” will be so interpreted by this court.
It follows that the liquors sold at retail are ‘ beverages such as are ordinarily dispensed at bars ” and are excepted from the exemption for food and food products contained in the statute and local law in question. Accordingly, the commis *587 sioner of finance of the City of Syracuse was correct in promulgating the challenged regulations by which a 2% tax is made applicable to retail sales of bottled liquor for off-premises consumption.
Plaintiffs also contend that, if liquor is subject to the local sales tax, the tax should be computed on the sales price less the Federal and State excise taxes included in that price. It appears without contradiction that, from January, 1952, until October, 1955, excise taxes were deducted before the 2% sales tax was imposed, with apparent consent of the local taxing authorities. Commencing October 1, 1955, however the commissioner of finance, pursuant to an opinion rendered by the deputy commissioner and counsel of the New York Department of Taxation and Finance (New York Tax Service, Vol. 2, § 71,026), issued a directive that the sales tax was to be collected on the total receipts from the sale of bottled liquor without deduction for Federal and State excise taxes.
Plaintiffs do not challenge the position taken by defendants that the excise taxes referred to are taxes imposed on the manufacturer. As such, there is no question but that they become a part of the retailer’s cost and may be included in the basis for the imposition of a local or sales tax thereon. (Lash’s Prods. Co. v. United States, 278 U. S. 175; Consolidated Distributors v. City of Atlanta, 193 Ga. 853; Christopher v. Hoger & Co., 160 Misc. 21.) Before the excise taxes are paid, the bottled liquor is not legally available for retail sale; after payment, they are added to the other costs of the item, are reflected in the retail vendor’s purchase price and become a part of the “ receipts ” from retail sale upon which the local tax is imposed.
Plaintiffs assert, however, that in view of Regulation 29, promulgated by the commissioner of finance on January 1, 1952, the city may not now impose the sales tax upon the total price of bottled liquor, including Federal and State excise taxes included therein. Regulation 29 provides: ‘ ‘ Reg. 29 Federal and State Taxes. Vendors of tangible personal property upon which there are imposed certain federal excise taxes or the State tax on gasoline and similar motor fuel are not required to include the amount of such taxes in the receipts from the sale of tangible personal property when computing the tax imposed by the Local Law, providing, however, that such taxes shall be separately stated and billed in addition to the purchase price of the tangible personal property. Where a Federal Excise Tax is included in the selling price the tax is to be computed on the amount of the sale less the amount of the excise tax, provided, however, the vendor keeps a record of such transaction. To illustrate: *588 (A) If the selling price of an automobile is $1,000 and the federal manufacturers’ excise tax thereon is $70 and such excise tax is separately stated and charged by the vendor of the automobile to the retail purchaser thereof, the tax is to be computed only upon the selling price of the automobile, i.e., $1,000.00.”
In opposition to that argument, defendants claim that the foregoing regulation is not applicable to excise taxes such as those on bottled liquor which are imposed upon the manufacturer or distributor and are part of the cost to the retail vendor but is limited to taxes which are imposed as an incident of a retail sale, such as those on furs, jewelry, luggage, etc. and which are not part of the cost to the retail vendor.
It may be noted that there is nothing in the regulation to indicate'any such limited application. However, it is not necessary to decide whether the Federal and State excise taxes upon alcoholic beverages are included in regulation 29. Assuming, with plaintiffs, that they are so included, then the regulation is clearly inconsistent with the State and local taxing laws and must be deemed invalid.
The statute authorized “ [t]axes on retail sales of tangible personal property at a rate not in excess of two per cent of the receipts therefrom ”. The local law imposed a tax of 2% “ upon the amount of the receipts from every retail sale or sale at retail in. this city of tangible personal property ” (Local Laws, 1951, No. 5 of City of Syracuse, § 2). Subdivision (d) of section 1 of the law defines receipts as “ The amount of the sale price of any tangible personal property sold at retail in this city, * * * without any deduction therefrom on account of the cost of the property sold, the cost of materials used, labor, transportation or service cost, interest or discount (other than a trade discount or a cash discount on a cash sale), or any other expense of the vendor.” (Emphasis supplied in each instance.) The foregoing sections are clear and unequivocal and specifically preclude any deduction “ on account of the cost of the property sold ”.
It is the duty of the commissioner of finance to make regulations appropriate to carry out the purposes of the tax law and to prescribe the amounts to be collected from purchasers in respect to any receipt upon which a tax is imposed by the tax law. (Local Laws, 1951, No. 5 of City of Syracuse, §§ 3, 11.) He cannot extend the State or local law, nor can he exclude from taxable receipts the Federal and State excise taxes which are part of the cost or part of the expenses of the retail vendor. The line between what is subject to tax and what is not, must be drawn by the statute or local law and not be a regulation. *589 (Matter of Good Humor Corp. v. McGoldrick, 289 N. Y. 452, supra.) In view of the provisions quoted above, the commissioner of finance was without authority to permit an exclusion from taxable receipts of the Federal and State excise taxes on bottled liquor. The fact that the commissioner may have followed a policy, previous to October, 1955, of excluding such taxes in the collection of the local sales tax does not prevent him from revising that policy to provide a method of computation and collection which is in accordance with the taxing law. (Matter of Billings, 70 N. Y. S. 2d 191, 194; Pierce & Hebner v. State Tax Comm., 194 Md. 254; see, also, Brainard v. New York Central R. R. Co., 242 N. Y. 125,134.)
It follows that the complaint in the action at bar does not state a cause of action and that the motion to dismiss should therefore be granted.
Order accordingly.