(May 25, 1956)

■ ELMER H. HOFFMAN et al., Appellants, v. CITY OF SYRACUSE et al., Respondents.— Judgment and order reversed on the law and declaratory judgment granted in favor of the defendants, without costs of this appeal to any party. Memorandum: The plaintiffs brought this action for a declaratory judgment that the retail sales tax of the City of Syracuse (Local Law, 1951, No. 5 of City of Syracuse), enacted pursuant to chapter 278 of the Laws of 1947 does not apply to the retail sale of alcoholic beverages for off-premises consumption, and that, even if the tax does apply, it should be computed upon the retail sales price less the Federal and State excise taxes. The Special Term properly held that the complaint stated a good cause of action for a declaratory judgment. The parties concede in their briefs before us that there is no issue of fact to be determined and it was therefore proper to determine the legal rights of the parties. The Special Term, in our view of it, correctly held (1) that the retail sale of alcoholic beverages for off-premises consumption is subject to the sales tax; and (2) that the Federal and State excise taxes on liquor were elements of the ultimate cost of the product and thus should be included in the retail sales price upon which the tax is computed. In these circumstances it was error to dismiss the complaint. The defendants are entitled to a declaration upon the merits in accordance with the finding of the Special Term as above set forth (see *Rockland Light & Power Co.* v. *City of New York*, 289 N. Y. 45; *Liebschutz* v. *Schaffer Stores Co.*, 276 App. Div. 1; *Strobe* v. *Netherland Co.*, 245 App. Div. 573; *Manufacturers & Traders Trust Co.* v. *Bell*, 270 App. Div. 796; *Derby* v. *Gayvert & Co.*, 286 App. Div. 1150). All concur. (Appeal from a judgment and order of Onondaga Special Term dismissing a complaint in an action for a judgment declaring the City of Syracuse sales tax not applicable to the sale of alcoholic beverages for off-premises consumption.) Present — McCurn, P. J., Vaughan, Wheeler, Williams and Bastow, JJ. [1 Misc 2d 583.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH CARPUS, Appellant.— Order reversed and matter remitted to the Erie County Court for a hearing. Memorandum: The record before us does not conclusively refute the allegations of the petition and we think the appellant should have been afforded a hearing (*People* v. *Richetti*, 302 N. Y. 290). The hearing should be had before a judge other than the sentencing judge. The sentencing judge may appear and testify as a witness. All concur. (Appeal from an order of Erie County Court denying defendant's motion for a writ of error *coram nobis* and denying his motion that he be produced before the court for a hearing.) Present — McCurn, P. J., Vaughan, Kimball and Bastow, JJ.