Irwin D. Davidson, J.
By order of the Court of Appeals (15 N Y 2d 722) a hearing has been mandated to inquire into the voluntariness of the defendants’ confessions.
The defendant, Alvarez, moves that the court disqualify itself on the ground that the court authored a book entitled “ The Jury Is Still Out ” which concerned itself with the instant case. It is claimed that various police officers, who will be witnesses at this hearing, assisted the court in its research into the background of the trial. It is claimed that opinions expressed in the book which relate to the credibility of the defendant, Alvarez, and to certain police officers, are publicly expressed opinions which the court would find it difficult, if not impossible, to abandon should evidence be adduced at this hearing indicating such opinions are in fact ill-founded. Furthermore, it is claimed should a police officer deny any of the statements attributed to him in the book, the defendant would be denied his right to call as a witness to contradict that officer’s denial, the Trial Judge himself.
It is clear that a Judge who had formerly acted as an attorney for one of the defendants should not preside at his trial (People v. Hass, 105 App. Div. 119); nor should a Judge preside where he may be called as a material witness to the crime (People v. McDermott, 180 Misc. 247).
However, no such unusual situation obtains in the case at bar. The jury has already passed upon the issue of the voluntariness of the defendants’ confessions and has accepted them as having been voluntarily made. On this hearing, the court must determine whether it was legally proper to submit that issue for consideration by the jury.
The comments in the book can add nothing to the trial record. In fact, they are entirely irrelevant to the issue which will be *60 before the court on this hearing. It must concern itself with the circumstances existent at the time the confessions were made. Any unsworn statements attributable to police officers made after the trial, though published in book form, can have no bearing on the facts and circumstances which existed years before the book was published. An irrelevant and immaterial issue does not change its character by implying it will become necessary to call the presiding Judge to testify with respect to it.
Furthermore, it is the rankest type of speculation, entirely without factual foundation, to imply that an issue will develop at the hearing respecting comments contained in the book attributable to police officers, which the court would have to contradict by testifying from the witness stand.
The contention that the court might be subconsciously influenced in determining the issue at bar by reason of a desire to justify the opinions contained in the book is pure nonsense.
The trial was an unusually long one, lasting over five weeks. The testimony of the trial comprises seven volumes. It would be an unconscionable burden to require another Judge to read and familiarize himself with this lengthy record merely upon the speculative claim that this court, having authored a book concerning this trial, would be so prejudiced as to be unable to pass on the issue of the voluntariness of the defendants’ confessions. This court rejects such speculative assertion. The court refuses to ask another Judge to undertake the task of reviewing this lengthy record on unfounded speculation.
Since nothing has been presented which would warrant this court in disqualifying itself from considering impartially the testimony which will be offered on the hearing, defendant Alvarez’ motion that the court disqualify itself is in all respects denied.