THE PEOPLE OF THE STATE OF NEW YORK, Appellant, *v.* FRANK ORTIZ, Respondent.

Second Department, May 8, 1967

*Aaron E. Koota, District Attorney (Ira D. London* of counsel), for appellant.

*William Leibowitz (Harvey L. Greenberg* of counsel), for respondent.

Hopkins, J.   Pursuant to a search warrant issued in the Criminal Court of the City of New York in April, 1964, defendant's apartment was entered and gambling material seized. Defendant thereupon was arraigned in the Criminal Court for violations of sections 974-a, 974 and 975 of the Penal Law, the first a felony, the others misdemeanors.   In June, 1964, the Criminal Court, after a hearing, vacated the warrant (Code Crim. Pro., §§ 807–809).   Defendant, having been indicted in August, 1964, thereafter moved in the Supreme Court for an order suppressing the gambling material seized (Code Crim. Pro., § 813-c *et seq.*).   After a hearing in which the Justice presiding held that he was bound by the vacatur order entered in the Criminal Court, defendant's motion was granted, for the People conceded that only the warrant could sustain the legality of the search.

On appeal the People say that section 813-c *et seq.* indicate a legislative intent that either the trial court or the Supreme Court shall have jurisdiction to determine issues relevant to a motion to suppress, including issues arising upon a motion pursuant to sections 807–809. Further, they say that an order of the Criminal Court cannot bind the Supreme Court.

The People's construction of section 813-c *et seq.* and their contention that the Supreme Court cannot be bound by an order of an inferior court have been implicitly rejected in *People* v. *Gatti* (16 N Y 2d 251), in which the People's arguments were expressly advanced. In *Gatti*, the defendants, charged by information with burglary in the third degree, moved in November, 1964, before a Justice of the Peace " for an Order directing the suppression of the  *  *  *  Search Warrant [issued by him] and all evidence produced thereby " (16 N Y 2d 251, 253). In December, 1964, the defendants' motion was granted by an order providing that the " search warrant and all evidence obtained and produced thereby  *  *  *  [be] suppressed " (16 N Y 2d 251, 253). In March, 1965, the defendants were indicted for burglary in the third degree and grand larceny in the first degree. In that month, the County Court reversed the order of the Justice of the Peace and remitted the proceeding to him with instructions that he treat the defendants' motion as either one to vacate the warrant (§§ 807–809) or as one to suppress (§ 813-c *et seq.*). The Court of Appeals, however, reversed the County Court order and remitted the proceeding with directions " to enter an order vacating the search warrant and denying so much of the defendants' motion as seeks an order suppressing evidence " (16 N Y 2d 251, 255). The court held that, notwithstanding the felony charges against the defendants, the Justice of the Peace " was authorized to grant, and the defendants entitled to obtain, an order vacating the warrant " (16 N Y 2d 251, 254). Hence, we read *Gatti* in support of the Criminal Court order vacating the warrant used in gaining entry to the defendant's apartment.

That the Supreme Court was bound by the Criminal Court's vacatur order is supported both by a consideration of the jurisdiction of the Supreme Court and by an interpretive gloss which we place upon *Gatti*. If the Justice presiding at defendant's motion to suppress (§ 813-c *et seq.*) had denied the defendant relief on the ground that the Criminal Court warrant was valid, the order thereafter entered would have been, in substance, a reversal of the Criminal Court's vacatur order. However, we find no original jurisdiction in the Supreme Court so to affect a Criminal Court order (Code Crim. Pro., § 22; cf. *People ex*

*rel. Shapiro* v. *Keeper of City Prison,* 290 N. Y. 393, 400; *People ex rel. Singer* v. *Rogers,* 254 App. Div. 865). In *Gatti* the People conceded the invalidity of the warrant issued by the Justice of the Peace and, therefore, whether the trial court could thereafter reassess the vacatur order was not in issue. However, if, as the court held, the Justice of the Peace '' was authorized to grant, and the defendants entitled to obtain, an order vacating the warrant '' (16 N Y 2d 251, 254), and if the trial court thereafter was limited upon a motion pursuant to section 813-c *et seq.* to a consideration of the search as one incidental to a lawful arrest, that limitation must have followed as a consequence of the vacatur order, and not as a consequence of the People's concession of the invalidity of the warrant, for otherwise it would have been unnecessary for the court to direct the Justice of the Peace to vacate the warrant. Indeed, the vacatur order in *Gatti* would have been meaningless to the defendants unless, upon their subsequent motion pursuant to section 813-c *et seq.,* it was *res judicata* upon the issue of the validity of the warrant.*

We, therefore, affirm the order at bar but, in so doing, we observe that this appeal illuminates a procedural problem requiring legislative consideration. In our opinion, the orderly adjudication of criminal actions would be strengthened if defendants charged with a felony were required to join motions pursuant to sections 807 to 809 with motions pursuant to section 813-c *et seq.,* in order that the Supreme Court or the County Court may determine, in one proceeding, the issues thus raised.

BELDOCK, P. J., UGHETTA, CHRIST and BRENNAN, JJ., concur.

Order of the Supreme Court, Kings County, dated October 29, 1964, affirmed.

---

* Cf. *People* v. *Turpin* (27 A D 2d 987) in which we affirmed a judgment of the Supreme Court, Kings County, rendered upon the defendant's guilty plea, which judgment presented for review an order of that court denying the defendant's motion pursuant to section 813-c *et seq.* of the Code of Criminal Procedure. In *Turpin,* the granting of the defendant's motion to suppress in the Magistrate's Court, made during the course of a preliminary hearing in March, 1962 (former N. Y. City Crim. Cts. Act, § 147), had been denied the effect of *res judicata* in the Supreme Court upon the defendant's subsequent motion pursuant to section 813-c *et seq.* of the Code of Criminal Procedure. We do not consider our present determination in any way contrary to our affirmance of the judgment in *Turpin.*