GRANT, District Judge.
 

 The defendant, Robert Jackson Horton, sought a discharge of his debts in bankruptcy. This was refused by the bankruptcy judge in December 1974. The reason for refusing discharge was “Horton’s unjustified failure to keep adequate books of accounts or records from which his financial condition and business transactions could be discerned”. Maintaining such records is required. Bankruptcy Act § 14(c)(2), 11 U.S.C. § 32(c)(2).
 
 [1]
 
 This decision was affirmed by the district court which entered judgment against Horton after a consideration of the merits of his claim. Horton now appeals to this court, contending that the lower courts erred in not granting him relief.
 

 The defendant advances three main contentions. First, Horton argues that Judge Hughes should have disqualified himself from presiding over Horton’s bankruptcy petition. Second, Horton also contends that the findings of fact and conclusions of law are erroneous for the reason that the courts below allegedly did not give the proper weight to certain financial records belonging to his daughter. Finally, Horton contends that he was held to too high a burden of proof and that the courts below applied Bankruptcy Rule 407 improperly. We believe all of these contentions are without merit and affirm.
 

 Horton is no stranger to the Bankruptcy Court. He has made his appearance there like clockwork every seven years. He was first granted a discharge in 1960 and again in 1967. This latest petition in bankruptcy was filed in 1973. At that time the case was routinely assigned to Judge Downey. The judge immediately disqualified himself, however, since he had presided over the previous discharges and felt he did not have the requisite impartiality in Horton’s latest cause. The case was accordingly assigned to Judge Hughes.
 

 I
 
 — DISQUALIFICATION
 

 During the lengthy hearings in Horton’s case, Judge Downey spent a portion of one afternoon observing from the public gallery of Judge Hughes’ courtroom. Horton immediately moved to disqualify Judge Hughes, contending that the presence of his brother judge would make it impossible for him to remain impartial. After careful consideration of this motion Judge Hughes refused to disqualify himself, finding that he remained sufficiently detached and impartial.
 

 
 *970
 
 The first issue to be considered in deciding if the judge acted properly is the timeliness of the appeal from his refusal to recuse himself. The Trustee in Bankruptcy contends that this appeal was not timely filed. He advances Bankruptcy Rule 802(a), which provides a ten-day limitation to appeal from an order of a bankruptcy judge. The record is clear that the defendant did not appeal within the ten-day time span.
 

 The decision of a bankruptcy judge not to disqualify himself, however, cannot be appealed until a direct appeal is taken from a final decision adverse to the moving party.
 
 Dubnoff v. Goldstein,
 
 385 F.2d 717, 722 (2d Cir. 1967);
 
 cf. Young Properties Corp.
 
 v.
 
 United Equity Corp.,
 
 534 F.2d 847, 853 (9th Cir. 1976) (bankruptcy court’s order denying transfer not appealable);
 
 In re Merle’s, Inc.,
 
 481 F.2d 1016, 1018 (9th Cir. 1973) (bankruptcy court’s order disapproving compromise not appealable). Appeals are allowed only from final orders and from interlocutory orders involving proceedings in bankruptcy, and not from interlocutory orders from
 
 controversies
 
 arising in proceedings in bankruptcy. Bankruptcy Act, § 24a, 11 U.S.C. § 47a.
 
 [2]
 
 An order denying recusal is neither final nor does it involve
 
 proceedings
 
 in bankruptcy.
 
 Dubnoff v. Goldstein,
 
 385 F.2d at 722;
 
 cf. Young Properties Corp. v. United Equity Corp.,
 
 534 F.2d at 853;
 
 In re Merle’s Inc.,
 
 481 F.2d at 1018. Thus Horton’s failure to appeal within ten days from the order cannot be faulted and this appeal must be considered timely. We therefore consider the merits of his contention.
 

 Horton makes a broad assertion that when one judge chooses to become a spectator in another’s courtroom, the presiding judge will be so influenced by his colleague’s presence that an inference of the defendant’s guilt will arise. To support this, Horton contends that it is now the rule that a judge cannot be a witness before a colleague who is trying a case. By extending that incorrect holding, he seeks to prevent the other judge from entering the courtroom at all. The assertion that a judge cannot testify at a trial within his district is fallacious. The only restriction imposed by statute or case law is that a judge cannot testify in a trial at which he presides. Rule 605, Federal Rules of Evidence;
 
 People v. McDermott,
 
 40 N.Y.S.2d 456, 180 Misc. 247 (1943). The rule proposed by Horton is also without merit. While there may be circumstances where the presence of another judge in the courtroom could have coercive effects, it did not in this case.
 

 When asked to disqualify himself in such a situation, a judge must satisfy several concerns. The judge must be impartial. As a matter of law, the judge can be considered impartial unless the moving party can indicate that the facts of this case fall within the mandatory criteria for withdrawal. In this respect the bankruptcy judge is specifically bound by the provisions of Bankruptcy Rule 505(b),
 
 [3]
 
 just as district judges are bound by 28 U.S.C. §§ 144 and 155. These mandatory criteria for recusal include interest in, or bias towards, the outcome of the law suit. In addition to these guidelines and requirements, the judge has the responsibility of insuring that his presence on the bench will also have the appearance of detached impartiality. Whether it is wise for a judge to withdraw from a case when legally sufficient reasons for recusal cannot be presented must be left to the informed discretion of the trial judge.
 
 Wolfson v. Palmieri,
 
 396 F.2d 121 (2d Cir. 1968);
 
 Texaco, Inc. v. Chandler,
 
 354
 
 *971
 
 F.2d 655 (10th Cir. 1965),
 
 cert. denied
 
 383 U.S. 936, 86 S.Ct. 1066, 15 L.Ed.2d 853 (1966). Horton failed to make a legally sufficient showing that any of the mandatory requirements for recusal existed in this case. Nor does it appear that the particular events complained of would have made it wise for Judge Hughes to withdraw.
 

 II
 
 — THE
 
 SUFFICIENCY AND CORRECTNESS OF THE LEGAL AND FACTUAL FINDINGS
 

 Bankruptcy Act Section 14(c)(2), 11 U.S.C. § 32(c)(2), Bankruptcy Act of 1898, provides that a discharge cannot be granted if the bankrupt has failed to keep sufficient records of his financial transactions. Although this failure may be deemed justifiable under the particular circumstances of the bankrupt, in this case the failure was found unjustified. Horton alleges that the findings of fact and law were insufficient under the requirements of Bankruptcy Rule 752(a).
 
 [4]
 

 The record reveals that the bankruptcy judge filed a five-page memorandum in which he reduced a convoluted and often contradictory factual record into findings of law and fact. This memorandum assessed (1) the records Horton kept, (2) the sufficiency of those records, and (3) once the records were found to be insufficient, whether the keeping of insufficient records was excusable in this particular case. The memorandum is more than sufficient to satisfy the requirements of Rule 752(a).
 

 Horton’s essential disagreement is not with the sufficiency of the findings, but with their correctness and the appropriateness of the legal standard applied. Therefore, we turn our attention to determining whether these findings are supported by the record. Unless they are clearly erroneous, they will not be disturbed on appeal.
 
 Flaxman, Coleman, Gorman, and Rosoff v. Cheek,
 
 355 F.2d 672, 674 (9th Cir. 1966);
 
 O’Hagan v. Blythe,
 
 354 F.2d 83, 84 (2nd Cir. 1965);
 
 Tepper v. Chichester,
 
 285 F.2d 309, 312 (9th Cir. 1960). Section 14(c)(2) requires “that the bankrupt present sufficient written evidence which will enable his creditors reasonably to ascertain his present financial condition and to follow his business transactions for a reasonable period in the past.”
 
 Rhoades v. Wikle,
 
 453 F.2d 51, 53 (9th Cir. 1971). In this 14(c)(2) determination the same standard of clearly erroneous, with reversal for gross abuse of discretion, is applicable.
 
 Rhoades v. Wikle, supra; Noroian v. Hern,
 
 422 F.2d 1092 (9th Cir. 1970);
 
 Burchett v. Myers,
 
 202 F.2d 920 (9th Cir. 1953).
 

 Using these standards, we have assessed the record in this case. It shows that Horton dealt almost exclusively in cash during all his business transactions, keeping little or no verifiable records. He was unable to show where his salary was spent. As the bankruptcy judge and the district court concluded, his dislike of banks did not absolve him from keeping records. These fact findings are not clearly erroneous.
 

 Against this general backdrop of scanty record keeping, we have examined Horton’s contention that certain of his daughter’s records provide the information Horton cannot supply. Horton built a house for his daughter, acting as a general contractor and paying suppliers and builders over Twenty Thousand Dollars in cash payments, without keeping any financial records of these dealings. Horton alleges that his daughter’s records should be substituted for his own, to satisfy the provisions of Section 14(c)(2).
 

 Legally, however, Horton had a duty to maintain his own records of such a transaction, even if his daughter’s records were complete. Only a few cases have removed this burden from the bankrupt by allowing the substitution of a corporation’s records, and then only if the trier of fact found such a substitution warranted.
 
 In Re Halpern,
 
 
 *972
 
 387 F.2d 312 (2d Cir. 1967);
 
 Matter of Martin,
 
 554 F.2d 55 (2d Cir. 1977).
 

 For this reason the bankruptcy judge had no duty to consider these records in his findings of fact. Horton cannot justify his failure in this manner. Section 14(e)(2) allowed the judge to consider all the defendant’s circumstances in deciding whether the failure to keep records was justified. It would belie logic and common sense not to consider Horton’s familiarity with the bankruptcy laws to support a general inference that the failure to keep records was not accidental. Despite this, the daughter’s records were considered by the court below, and still found lacking.
 

 Even if we accepted the dubious contention that Horton could rely upon his daughter’s records, they are not sufficient for that purpose. The transcript reveals that these records do not differentiate between payments made to Horton to reimburse him and those which were made directly to suppliers for the materials. Therefore, even if they are considered, they do not clarify Horton’s financial position. Furthermore, the testimony of Horton and his daughter and her roommate were found to be “incredible” and replete with inconsistencies and contradictions. For example, these women mirrored Horton’s aversion to banks and stated that at one point they kept almost Twenty Thousand Dollars in a strongbox in their home. These findings are supported from the record and cannot be said to be clearly erroneous.
 

 Ill
 
 — LEGAL
 
 BURDEN OF PROOF
 

 Finally, Horton complains that the burden of proof was confused and unfairly east upon him. He relies upon Bankruptcy Rule 407 which places the burden of proving a prima facie case against discharge on the objecting Trustee. Once the Trustee has shown that the bankrupt’s records are inadequate, the burden shifts to the bankrupt to justify the nonexistence of these records.
 
 Moffett v. Union Bank,
 
 378 F.2d 10 (9th Cir. 1967);
 
 Gunzburg v. Johannsen,
 
 300 F.2d 40 (5th Cir. 1962). The record explicitly and implicitly indicates that the bankruptcy judge correctly applied these presumptions and burden of proof. Horton’s argument to the contrary is without merit.
 

 For the foregoing reasons, the decision below is AFFIRMED.
 

 [1]
 

 . Bankruptcy Act of 1898, as amended.
 

 [2]
 

 . This is also the case under the Bankruptcy Code of 1978 § 1293; Pub.L. No. 95-598 (1978).
 

 [3]
 

 . Rule 505(b);
 

 Disqualification of Judge or Referee from Acting in Case: Relationship to Party or Attorney; interest in Case; Appearance of Influence.
 
 Any judge or referee shall disqualify himself in any bankruptcy case (1) in which he is a relative of any party or his attorney, has a substantial, direct or indirect interest, has been of counsel, or is or has been a material witness, or (2) if his acting therein would justify the impression that any person can improperly influence him or unduly enjoy his favor, or that he is affected by the kinship, rank, position, or influence of any party or other person.
 

 [4]
 

 . Rule 752 requires:
 

 In all matters tried without a jury , the Court shall find the facts specially and state separately its conclusions of law thereon . . . . If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. .