OPINION OF THE COURT
John R; Tenney, J.
This is a CPLR article 78 proceeding brought by the Herald Companies, Inc., against the Town of Geddes, the Town Justices and the town clerk. The application seeks to secure the records of the arraignment of certain individuals arrested during the 1983 New York State Fair. The petitioner alleges that at the time of arraignment, the Justice made notations with reference to the physical appearance of the individuals who appeared before him. There is also a belief that he made notes of statements made in answer to his questions. The Town of Geddes refuses to disclose the records and asks the court to dismiss the petition.
The UJCA 2019-a provides that the records and dockets of the court shall be “open for inspection to the public”. The issue before the court is whether notes made by the Judge are part of “[t]he records and dockets of the court”.
The respondents argue that as a matter of public policy the Legislature has exempted the judiciary from the Freedom of Information Laws as set forth in subdivision 3 of section 86 of the Public Officers Law. Petitioner agrees *237 that the “Freedom of Information Act” is not applicable. It bases its request purely on the provisions of the UJCA which have not been changed by subdivision 3 of section 86 of the Public Officers Law. Under ordinary circumstances, the notes of a Judge are not subject to disclosure. To hold otherwise would be placing the Judge in the awkward position of being a potential witness subject to cross-examination on the contents of his notes.
Any notes made by the Judge would be in the nature of an expression of his opinion. If this opinion were made public, it would be a direct violation of the Rules of the Chief Administrator of the Courts, 22 NYCRR 100.3 (a) (6), which states in part: “A judge shall abstain from public comment about a pending or impending matter in any court, and shall require similar abstention on the part of court personnel”. (See, also, Code of Judicial Conduct, Canon 3A [6].)
Petitioner contends that since these notes were made on the docket itself, they are now part of the record. This argument is without merit. The notes would not be admissible as part of a memorandum or record of an act. To qualify, the notes must be made in the regular course of the proceeding and must be the regular course of the proceeding to make such notes. (CPLR 4518, subd [a].) It is not part of the Judge’s duties in preparing a docket at an arraignment to make notes, observations or comments. If he does so, they are irrelevant and should be redacted from the official record. (UJCA 107, 2019-a.)
Petitioner further contends that the Judge is a recorder of the proceedings, and that his notes are in the nature of a stenographer’s minutes and are therefore admissible as a “record of the proceeding”. This reasoning has no legal basis. In Beuerlein v Hodges (57 Hun 586, opn in 10 NYS 505), the court recognized the duty to keep a docket but stated that an entry in the Judge’s minutes was not “an entry in the docket.” His minutes are “mere memoranda, made by the justice for his own convenience and as an aid to his memory” (p 506). A gratuitous entry on a docket which is in the nature of minutes kept by a Judge does not change its nature; it is inadmissible hearsay.
*238 The public policy is against having Judges practice law or appear in judicial proceedings. (22 NYCRR 100.5 [f].) Although not expressed, a Judge should not be required to testify for or against litigants who appeared before him. To do so would “reflect adversely upon impartiality” and “interfere with the performance of judicial duties.” (22 NYCRR 100.5 [b].)
The petitioner is entitled to examine the records of the arraignment with all extraneous notes or comments redacted.