OPINION OF THE COURT
Herman Cahn, J.
In a prosecution for murder, may the defense attempt to demonstrate, by extrinsic evidence, that the prosecution’s chief witness’ testimony is motivated by his self-interest? Specifically, the defense seeks to show that in a pending unrelated case in which the witness is a defendant, a Justice of this court told the witness and his attorney that consideration would be given the witness if he testified (truthfully) in the instant case.
Defendants are on trial, accused of murder in the second degree. One of the People’s witnesses, John McKoy, allegedly an eyewitness to the killing, was in telephone contact with the District Attorney’s office but expressed a reluctance to testify. *563 McKoy had an outstanding arrest warrant against him. On February 5, 1985, McKoy was arrested on the warrant and brought to the part of this court out of which the warrant issued, and where the case against him is pending. At his court appearance, the Assistant District Attorney prosecuting the within murder case, and the counsel for one of the defendants herein, were present, among others. The Presiding Justice was made aware that McKoy’s testimony was considered indispensable by the prosecution in the murder case. The Justice then made certain statements to McKoy’s attorney and to McKoy to the effect that if McKoy testified truthfully in the murder prosecution, the Justice would take that into account in the matter then pending before him.
McKoy then agreed to testify for the People in the murder case. During the course of a Wade hearing, he was asked whether any promises, implications or suggestions of leniency were made to induce his testimony. He was specifically asked whether the Justice had indicated to him (McKay) that if he testified, that would be taken into account by the Justice. McKoy denied that any such statements were made. Defense counsel advised the court that he had personally been present when the statement was made in open court. Counsel sought a ruling on whether McKoy’s credibility could be impeached by extrinsic evidence as to the fact that such a statement had been made, if he repeated such testimony at the trial itself.
The court holds that the issue of McKoy’s interest as a result of the alleged suggestion of favorable treatment is not a collateral issue, and extrinsic evidence on that issue is admissible. Due to the peculiar circumstances of the case, such extrinsic evidence may be in the form of the testimony of the Justice who made the statement.
The general rule is that a witness’ answers to questions concerning collateral matters, inquired into solely for reasons affecting credibility, may not be rebutted by extrinsic evidence (Richardson, Evidence § 491, at 477 [10th ed]). After a witness answers a question relating to such a matter, cross-examination may continue on said issue in an attempt to have him change his testimony, but the cross-examiners normally may not call other witnesses or introduce other evidence to contradict his answers (People v Duncan, 13 NY2d 37; Potter v Browne, 197 NY 288; Richardson, op. cit., at 477). Inquiry as to the witness’ interest is among the areas covered by this general rule. The prohibition of extrinsic evidence on collateral issues is designed to prevent diversion from the trial’s main issues (guilt, liability, etc.) *564 towards multiple minitrials on collateral issues, thus causing protracted delays and undue confusion. (People v Schwartzman, 24 NY2d 241; 3A Wigmore, Evidence §§ 979, 1002 [Chadbourn rev].) Where the impeaching evidence is not collateral, is independently admissible and not intended to challenge a particular statement by the witness, these problems are not present.
Evidence which is probative of a motive to lie is not considered collateral. (People v Brooks, 131 NY 321, 325; Potter v Browne, 197 NY 288, 291, supra; People v McDowell, 9 NY2d 12, 15; People v McIntyre, 71 AD2d 956; People v Bruno, 77 AD2d 922; Richardson, Evidence § 491, at 477-478 [10th ed].) Facts are not collateral if they are independently admissible to impeach the witness. (People v Schwartzman, supra; Richardson, op. cit., at 478.) That occurs where the issue is not the truth of a particular statement, but the credibility of the testimony as a whole. Generally, a witness’ answers concerning collateral matters cannot be contradicted by extrinsic evidence for the sole purpose of impeaching credibility but, where the evidence sought to be introduced would be admissible for impeachment purposes even had there been no specific statement to be contradicted, it is admissible. (People v Schwartzman, supra, at p 245; Richardson, op. cit., at 478.)
In this case, the fact that McKoy’s testimony may have been induced by representations of favorable treatment, thus possibly resulting in his having an interest or a motive to lie, would be independently admissible. It is not a matter of contradicting a particular statement of the witness which is prevented by the prohibition on extrinsic evidence for collateral matters but, rather, a matter of more generally impeaching the credibility of the testimony by attempting to demonstrate interest. The evidence here is not to be introduced simply to contradict the witness’ statement as an example of his lack of credibility. Rather, it may be admitted to demonstrate that the witness’ testimony may be more generally suspect because possibly induced by an implication of favorable treatment in return for that testimony.
People v McIntyre (71 AD2d 956, supra) held that evidence of attempts to compel a certain witness’ testimony was evidence that the witness had wanted to refrain from testifying falsely, and that he had in fact testified falsely. The evidence should have been admitted as noncollateral and relevant to the witness’ motive to lie (supra). Similarly in People v Bruno (77 AD2d 922, supra) the trial court’s refusal to allow extrinsic evidence on the issue of the witness’ interest in the outcome of the prosecution *565 based upon the fact that they had a civil suit pending against defendant was error. In People v McDowell (9 NY2d 12, supra) the Court of Appeals ruled that extrinsic testimony tending to show a witness’ hostility towards defendant, as affecting that witness’ credibility, was admissible. These holdings are based on long-established principles permitting extrinsic evidence to demonstrate bias (see, e.g., People v Brooks, supra [hostility to defendant]; People v Webster, 139 NY 73 [attachment to defendant]). Extrinsic evidence is similarly admissible here.
Having determined that extrinsic evidence on the issue is admissible, the court is next faced with the question of how that evidence may properly be presented. Although the Assistant District Attorney and defense counsel have informed the court that they heard the statements made by the Justice, for reasons to be discussed hereinafter, it would be inappropriate for either of them to serve as a witness in this case, even on the limited issue thus far discussed.
Under the advocate-witness rule, where a prosecuting attorney is to be called as a witness by the defense and his testimony will be adverse to the People, he should be disqualified (People v Paperno, 54 NY2d 294; Code of Professional Responsibility, DR 5-101 [B]; 5-102). Because the Assistant District Attorney would testify adversely to the People (i.e., that the statements were made to McKoy), if the court permitted the defense to call him as a witness, his disqualification would be required. If the necessary testimony can be elicited through another source, this drastic consequence of disqualification is to be avoided.
The “unsworn witness rule” seeks to prevent the injection of an attorney’s credibility as an issue in a trial (see, People v Paperno, supra, at p 300). Just as it is improper for a prosecutor to vouch for the credibility of one of the People’s witnesses (People v Puglisi, 44 NY2d 748), it is improper for a defense attorney to argue a witness’ lack of credibility based upon the attorney’s personal knowledge of some of the matters in evidence. It would thus be inappropriate to have defense counsel testify here if another witness is available. Since the Justice who made the statement is available, and is not otherwise involved in this action, he may be called to testify.
Defendants’ application to call the Justice as a witness on this limited issue is granted.