OPINION OF THE COURT
Lee L. Holzman, J.
The issue presented by the respondents’ motion in limine is whether the Judge who had presided over settlement discussions may be subpoenaed to testify as a witness in this proceeding to set aside the settlement which had been entered into on the record before the Judge. Specifically, petitioners want the Judge to testify about the representations made by *921 the parties during the negotiations at the conference conducted by her. Respondents seek an order precluding petitioners from seeking to impeach the prior settlement through the testimony of the Judge. In the alternative, if the court holds against their position, they seek to take the pretrial deposition of the Judge as a necessary step in order to prepare for litigation. It appears that the parties have diametrically divergent positions as to exactly what transpired before the Judge.
Essentially, petitioners seek to recover millions of dollars in damages for fraud and breach of fiduciary duties arising from the sale of decedent’s interest in a partnership. Petitioners are the coexecutrices of the estate. While proceedings were pending in Surrogate’s Court, New York County, the parties arrived at a settlement entered into on the record which provided for the sale of decedent’s interest in various properties to respondents. Petitioners allege that the individual respondent failed to divulge that he and the corporate respondent were in the process of entering into negotiations with a particular entity for the sale of the premises conveyed to them pursuant to the stipulation and that this failure to disclose constituted a breach of the individual respondent’s fiduciary duties as partner and joint venturer. They further contend that this breach of duty resulted in the stipulation providing for a grossly inadequate sale price and entitles them to be relieved of the terms of the stipulation.
Movants contend that the testimony of the Judge should be excluded on several grounds. First, they argue that the public policy of this State precludes Judges from appearing in judicial proceedings to give testimony as to actions taken by them in their official capacity. They assert that to permit the Judge to testify would cause her to violate the rule that she should appear at all times to be impartial in her conduct of proceedings and cannot so appear if she is subject to being called to testify for or against one of the parties who appeared before her. Movants appear to concede that Judges have been permitted to testify about proceedings which occurred before them under extraordinary circumstances or when the essential facts of the case were in dispute and a necessary fact could not be established by any other means. However, movants contend that such extraordinary circumstances do not obtain in the case at bar in that several other persons were always present at the conference between the parties before the Judge and, thus, evidence as to the content of the settlement negotiations could be adduced without the need to call the Judge as a *922 witness. Movants also assert that it would be especially inappropriate for the Judge to testify in this matter both because the Judge’s former law secretary is now a member of one of the firms of attorneys that is involved in this proceeding and because the Judge presided over the early stages of the proceedings until she recused herself. Ironically, the coexecutrices have alleged, without contradiction, that the Judge had recused herself at a time when it was the movants rather than the fiduciaries who had indicated that they were going to call her as a witness at the trial.
In opposition to the motion, the executrices contend that there are, in general, no public policy considerations which preclude the appearance of a Judge as a witness as to matters which were tried before him and that, specifically, a Judge who participates in settlement negotiations is not precluded from testifying as a witness about the negotiations. Furthermore, they assert that as a fact witness to the transaction, the Judge’s testimony is crucial to establish a vital element of their case.
Surprisingly, research reveals that there are not as many New York decisions on the issue sub judice as one might expect at first blush. However, the authorities appear to agree that there are at least two circumstances which render a Judge incompetent to testify. One of the absolute prohibitions in this area is that a Judge is disqualified from testifying as a witness in any trial or proceeding over which he is presiding (People v Dohring, 59 NY 374; People v McDermott, 180 Misc 247; Richardson, Evidence § 406 [Prince 10th ed]; Fisch, New York Evidence § 304 [2d ed]; 4 Bender’s New York Evidence § 249.03; 6 Wigmore, Evidence § 1909 [Chadbourn rev 1976]). Additionally, a Judge shall not be permitted to testify as to the reasons which led to his findings of fact or conclusions of law in a particular matter over which he presided (United States v Morgan, 313 US 409; Fayerweather v Ritch, 195 US 276; Washington v Strickland, 693 F2d 1243, revd on other grounds 466 US 668; United States v Dowdy, 440 F Supp 894). However, neither of these absolute prohibitions is present here because the Judge whose testimony is sought is no longer presiding and the fiduciaries have indicated that they do not seek to ask the Judge a single question regarding her thought processes but merely wish to question the jurist about what was said by the parties in her presence.
A fast reading of the decision in Jade Sq. & Tower v C.I.T Corp. (87 AD2d 564) might lead to the conclusion that it *923 supports the proposition that a Judge may be subpoenaed in a subsequent proceeding to testify about settlement conferences in a prior proceeding. A careful analysis of this case supports movants’ position that this decision provides no guidance to the issues sub judice because the precise holding of the Appellate Division, First Department, was that the bankruptcy Judge had no jurisdiction over the issues which had been settled before him and, consequently, he could not assert that judicial immunity precluded his testifying about the settlement in the State court proceedings.
However, movants would have this court extend the force of binding precedent to the dicta enunciated by the Supreme Court, Onondaga County, in Matter of Herald Cos. v Town of Geddes (122 Misc 2d 236). In that case the court stated that the public policy of New York militated against the appearance of Judges as witnesses in a subsequent judicial proceeding for or against any party who had previously appeared before the jurist because it would violate the requirement that a Judge always appear impartial (see, 22 NYCRR 100.5 [b]). This statement was dicta inasmuch as the narrow issue to be determined in that case was whether the notations which a Judge had made on margins of a docketbook were admissible as evidence in a subsequent proceeding. It is possible that, in reaching its holding in Matter of Herald Cos. v Town of Geddes (supra) the court meant no more than to say that it would be inappropriate for a Judge to voluntarily appear on behalf of either side in a subsequent proceeding. This court concurs with that position. However, neither 22 NYCRR 100.5 (b) nor any other rule precludes a Judge from testifying in a subsequent proceeding about events which anyone could have observed had they been present at the prior proceeding before the Judge. A Judge who does not volunteer her testimony but instead is subpoenaed should not be viewed as testifying "for” or "against” any party. Furthermore, there is no other New York case which supports such a broad prohibition.
The overwhelming body of case law in New York establishes that a Judge may testify at trial as a witness to events which he observed while presiding in a prior proceeding (People v Dohring, supra; Huff v Bennett, 6 NY 337; People ex rel. Singer v Rogers, 254 App Div 865; People v McDermott, supra). In People v McDermott (supra, at 248) the court stated "[t]hat a judge may give testimony as a witness before a court of which he is a member is not to be doubted either under the English practice or in this State”. In People v Carpus (2 AD2d 653) the *924 court held, on an application for postconviction relief, that the "sentencing judge may appear and testify as a witness.”
Movants have adduced a not insubstantial body of case law from sister States which hold that, at least in the absence of extraordinary circumstances, Judges are not allowed to testify about proceedings held before them. (See, State v Simpson, 314 NC 359, 334 SE2d 53; State ex rel. Carroll v Junker, 79 Wash 2d 12, 482 P2d 775; Woodward v City of Waterbury, 113 Conn 457, 155 A 825; Aetna Cas. & Sur. Co. v Price, 206 Va 749, 146 SE2d 220.) Illustrative of these cases is State ex rel. Carroll v Junker (79 Wash 2d, at 20, 482 P2d, at 781, supra) wherein the court stated that "[o]nly in the rarest of circumstances should a judge be called upon to give evidence as to matters upon which he has acted in a judicial capacity”. However, movants have not cited a single New York case which contains a similar holding. In fact, movants’ reliance upon the holding in People v Dohring (supra) is misplaced inasmuch as that case only reaffirmed the traditional rule that a Judge who is called to the stand as a witness is prohibited from subsequently resuming the Bench on the trial of that very matter. Moreover, the commentators on New York evidence in discussing when a Judge is incompetent to testify indicate, at least by their failure to note any other circumstances, that in New York a Judge is incompetent to testify only if he is presiding over the trial. (See, Richardson, Evidence, op. cit.; Fisch, New York Evidence, op. cit.; 4 Bender’s New York Evidence, op. cit.)
In People v Gentile (96 AD2d 950), which involved an appeal from a judgment of criminal conviction rendered upon retrial, the court upheld the right of the prosecution to call the first sitting Judge as a witness upon the retrial where the evidence indicated that his testimony was necessary to establish certain facts. The court stated that the "People have established that the Trial Judge became a material witness * * * and that their need for his testimony became actual and substantial” (supra, at 952). The standard that must be met in order to call a Judge as a witness upon trial is that the claim must be made in good faith and must be based on fact (People v Rodriquez, 14 AD2d 917; see also, United States v Halley, 240 F2d 418, cert denied 353 US 967). In People v Perry (127 Misc 2d 562, 563), where the issue was that of the credibility of a witness to whom a lenient sentence had been allegedly promised by a Judge in another proceeding, the court held that "[d]ue to the peculiar circumstances of the case, such extrinsic *925 evidence may be in the form of the testimony of the Justice who made the statement.” In People v Bevilacqua (12 Misc 2d 558, 563, revd on other grounds 5 NY2d 867), the court noted that an examination of the relevant authorities established a clear distinction between the "situation where a judge or justice is allowed to testify before another judge as to matters previously had in his own court and that other situation where the judge or justice would not be allowed to step down from the Bench and testify in a trial over which he is then presiding.”
The common law in New York has evolved to allow a Judge to testify as a witness to matters which he observed while performing his judicial function in the same way that any other citizen who might have been present and observed the same events would be competent to testify. In other words, a Judge is competent, in a subsequent proceeding over which he is not presiding, to testify as a witness to events which transpired before him in a prior proceeding provided that the information sought to be elicited does not involve findings of fact or conclusions of law made solely as a result of his judicial status.
Moreover, movants’ argument that the Judge should not be called upon to testify in this matter because several representatives of the adverse parties were also present cuts two ways. If the parties who are obviously interested in the event or their representatives, who are also obviously not disinterested in the outcome, are prepared to give divergent testimony about what occurred during the settlement negotiations, the testimony of those persons who did not have such an interest would. clearly be pertinent. Although movants contend that there are other nonparty witnesses to the negotiations available to testify at trial, movants have not supplied their names and addresses or stated whether they are in agreement as to what transpired. Moreover, most, if not all, of these putative witnesses appear to be attorneys or other representatives of the respective parties. In any event, it is simply not the rule in New York that a Judge can testify only when she is the sole witness available.
In addition, movants’ argument with regard to the relationship between the Judge in question and a former employee who now is a member of one of the law firms involved in the case clearly goes to the weight rather than the admissibility of the evidence. Movants have stated that the Judge in question had indicated on at least one occasion that she does not recall *926 all of the statements that were made by the parties during the prolonged negotiations which eventualíy resulted in the settlement at issue herein. Of course, if the Judge is called to the stand and testifies that she has no recollection whatsoever on any pertinent subject, that would seem to be the beginning and end of the inquiry.
Accordingly, upon the basis of all of the foregoing, the motion in limine is denied to the extent that it seeks a pretrial determination that the Judge whom the fiduciaries seek to call as a witness is incompetent to testify at the trial. However, inasmuch as the fiduciaries have indicted that the Judge’s testimony is relevant to the proceeding, it follows that it is also material for movants to know the thrust of her testimony in preparing for trial. Therefore, it would not, in any way, be inappropriate for movants to seek to depose the Judge prior to the trial.
Of course, in rendering this determination, the court is in no way passing upon the admissibility of any particular question that might be posed to the Judge, nor can this determination have res judicata impact upon the Judge, who is not a party to this proceeding and who would have the right to seek to quash any subpoena that might be served upon her, should she be of the opinion that she has a basis for such action.