■ VREJ BAGHOOMIAN, Appellant, v GERARD BASQUIAT, Respondent.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered March 28, 1990, which granted the motion to quash plaintiff's subpoena duces tecum, unanimously affirmed, with costs.

On September 22, 1989, Ms. Ordover, a Law Assistant-Referee in New York County Surrogate's Court, at the express direction of Surrogate Roth, met with defendant and his counsel for the purpose of settling a proceeding then pending in Surrogate's Court. In the underlying proceedings, plaintiff, an art dealer, claims that he had an oral contract with the decedent to sell decedent's paintings on consignment, and seeks to prevent the sale of decedent's paintings by decedent's father, the defendant herein.

During the September 22, 1989 settlement conference, plaintiff claims that his reputation as an art dealer was damaged due to the defamatory statements allegedly made to Ms. Ordover by defendant.

Plaintiff commenced this defamation action on October 2, 1989. On October 31, 1989, he served a subpoena duces tecum on Ms. Ordover, seeking to obtain testimony and written notes taken by Ms. Ordover during the private conference. On Ms. Ordover's motion, the subpoena was quashed.

Ms. Ordover maintains that she has no interest in the defamatory action and that all settlement discussions before

her were in her official capacity as a representative of the Surrogate. She further argues that all of her written material is also immune from disclosure, in that Canon 3 (A) of the Code of Judicial Conduct (22 NYCRR 100.3 [a] [6]) expressly forbids Judges and their representatives from publicly commenting about matters pending before them. We agree that under the circumstances the subpoena was properly quashed. Public policy encourages the settlement of lawsuits and directs that Judges and their law assistants take part in settlement conferences without fear that they may be called to testify about materials or information obtained during these private conferences *(Matter of Herald Cos. v Town of Geddes,* 122 Misc 2d 236).

We have examined defendant's other arguments and find them to be without merit. Concur—Murphy, P. J., Carro, Smith and Rubin, JJ.