**In re Ronald LESLIE, Wanda Leslie, Debtors.**

**Joseph C. PALMISANO, Esquire, Trustee, Plaintiff,**

**v.**

**Robert LESLIE, Wanda Leslie, Defendants.**

**Bankruptcy No. 84–78.
Adv. No. 84–0069.**

United States Bankruptcy Court, D. Vermont.

Nov. 15, 1984.

---

Brian Dempsey, Barre, Vt., of the Office of Joseph C. Palmisano, Trustee, for plaintiff.

Vincent Illuzzi, Orleans, Vt., for debtors-defendants.

David Otterman, Bradford, Vt., for Caledonia Nat. Bank.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

The Motion of the defendants for the allowance of attorney's fees and costs, filed on October 18, 1984, came on for hearing, after notice. They seek attorney's fees as the result of the dismissal of a complaint instituted by the trustee, Joseph C. Palmisano, Esquire, Objecting to the Discharge of the debtors. This Complaint was predicated on Section 727 of the Bankruptcy Code under which the trustee alleged that the debtors had failed to keep or

preserve books and records from which their financial condition or business transaction could be ascertained; that they knowingly and fraudulently made a false oath or account in or relation to the bankruptcy proceeding, and that they withheld property of the estate from the trustee which property would be used for the benefit of the creditors. In the court's Memorandum and Order entered October 11, 1984, after making Findings, the Court concluded that it was unable to find a scintilla of evidence to support the material allegations of the trustee upon which to base a denial of discharge. The trustee's Complaint was dismissed and the debtors now seek attorney's fees and expenses in the total sum of $1,126.50 for resisting the complaint. They are charging for 18.50 hours of attorney's time for the period from September 12, 1984 thru October 12, 1984, at $60.00 per hour, for a total of $1,110.00 plus office expense of $16.50. Were this a Complaint to determine dischargeability instituted under Section 523 of the Bankruptcy Code involving a consumer debt and the Court determined that the debt was dischargeable, the court would be under a mandatory obligation to grant judgment against the creditor instituting the complaint and in favor of the debtor for the costs of, and a reasonable attorneys fee, unless such granting of judgment would be clearly inequitable. There is no such statutory requirement for the allowance of an attorney's fee under Section 727 of the Bankruptcy Code which relates to an objection to the discharge.

In Federal Courts the general rule is that the prevailing party in an action is not entitled to recover counsel fees unless he establishes that there is a contractual right thereto or there is a Federal Statute under which such fees may be allowed. 20 Am.Jur.2d 60 § 74. In the absence of a contractual provision or a Federal Statute Federal Courts may, nevertheless, within their historic equity jurisdiction, allow a prevailing party attorney's fees against the losing party if the latter is guilty of fraudulent, groundless, oppressive or vexatious conduct.[1] The Court is not prepared to conclude that such was the case here even though it concluded that there was not one scintilla of evidence in support of the allegations alleged by the trustee for denying the discharge. At the outset there was some basis for instituting the complaint inasmuch as the debtors had, in fact, received checks for milk delivered to the milk company after the case was converted from Chapter 11 to a Chapter 7 Liquidation and had, in fact, used the proceeds for their own purposes. It was only at the trial that the circumstances under which they received the checks were developed by their testimony.

The Court is not convinced that the total of 18.50 hours charged were actually necessary in the preparation of the defense of the debtors and the actual trial time. The latter consumed about one hour and no more than two hours should have been required in preparation. It is true that the attorney for the debtors had to travel great distance to attend the hearing but this travel time was also required for his attendance at the continued § 341 meeting of creditors which was scheduled on the same day as the hearing on the trustee's Complaint Objecting to the Discharge.

Under all of the circumstances the Court is convinced that the debtors should not recover any attorney's fees and expenses from the trustee. This, however, does not preclude the attorney for the debtor to include in his schedule of time supporting his Application for Legal Services rendered the debtors in this proceeding, the time he has spent in resisting the complaint of the trustee objecting to the discharge, and the Court will, at the hearing on his Application for fees, then make a determination as to what, if any, allowance should be granted to the applicant,

Now, therefore, upon the foregoing, it is

ORDERED that the Application of the debtors for attorney's fees and costs filed on October 18, 1984, is DENIED.

1. 20 Am.Jur.2d 61.