In re Donn D. WHITE and Rochelle P. White, a/k/a Rochelle Portee-Billups, f/d/b/a Salute Cocktail Lounge, Debtors.

FILMAR, INC., Plaintiff,

v.

Donn D. WHITE and Rochelle P. White, a/k/a Rochelle Portee-Billups, f/d/b/a Salute Cocktail Lounge, Defendants.

Bankruptcy Nos. 84 B 7963, 84 A 1209.

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 22, 1986.

---

6. Mich.Comp.Laws § 440.9306 (1961) (Mich. Stat.Ann. § 19.9306 (Callaghan 1981)).

Joan S. Slezak, Lawrence Korrub & Associates, Chicago, Ill., for plaintiff.

James J. Muench, Muench & Muench, Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBERT L. EISEN, Chief Judge.

This matter comes to be heard on the motion of Filmar, Inc. ("Filmar"), plaintiff in this adversary proceeding, for summary judgment on its complaint against the debtors, Donn D. White and Rochelle P. White, a/k/a Rochelle Portee-Billups, f/d/b/a Salute Cocktail Lounge ("debtors"), wherein Filmar objects to the debtors' discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A) and (B), (a)(3), (a)(4)(A) and (D), and (a)(5). For the reasons set forth below, the court, having carefully considered the pleadings, memoranda, and exhibits, grants plaintiff's motion for summary judgment and concludes that debtors' discharge should be denied on the grounds that the debtors have transferred property within a year prior to filing their Chapter 7 petition with intent to hinder, delay, or defraud creditors, 11 U.S.C. § 727(a)(2)(A), and that the debtors have failed to satisfactorily explain the loss of certain assets owned by the debtors, 11 U.S.C. § 727(a)(5).

1. Debtors subsequently moved to file a corrected Statement of Affairs to amend their statement that the business was sold and to state that although the debtors entered into an agreement to sell their business, the purchaser rescinded the contract after making a down payment. Plaintiff has objected to debtors' filing a corrected Statement of Affairs prior to a determination of this adversary proceeding and the matter is pending concurrently with the instant motion for summary judgment. In accordance with the

## BACKGROUND

On April 16, 1984, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. At the time of filing their Chapter 13 petition, the debtors owned a cocktail lounge business known as the Salute Lounge and were indebted to Filmar, the owner of the property on which the business was located, for approximately $12,000.00 in back rental. During the pendency of the Chapter 13 case, which was dismissed on May 24, 1984 for debtors' failure to file a plan and schedules, the debtors incurred additional liability to Filmar for post-petition rent, an administrative expense. On June 22, 1984, the debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

It is undisputed by the parties that on May 2, 1984, during the pendency of the Chapter 13 case, the debtors entered into an agreement to sell their interest in the lounge for $40,000.00 and received a partial downpayment, which the court finds to be $12,000.00 as evidenced by receipts dated April 27, 1984 and April 30, 1984. However, contrary to the statement in their schedules that the lounge was sold,[1] debtors contend that no sale was ever consummated since the purchaser under the agreement rescinded the contract on May 23, 1984.[2] Debtors further add that they in fact had no property to transfer since they had no equity in the lease or equipment of the business.

Plaintiff contends that this activity of the debtors in selling their lounge business was undertaken with intent to hinder, delay or defraud Filmar so as to warrant denial of debtors' discharge. Plaintiff further alleges that discharge should be denied since debtors made a false oath at their first

court's holding herein, debtors' motion for leave to file a corrected Statement of Affairs is hereby denied since the filing of a corrected Statement of Affairs is an exculpatory act which would not change this Court's ruling.

2. However, debtors allege that the purchaser entered into a new lease directly with Filmar and took over the operation of the business on May 2, 1984.

meeting of creditors when they informed the trustee that the sale of the lounge took place after the pending Chapter 13 case was dismissed; that debtors failed to turn over books and records by refusing to turn over a promissory note received from the purchaser on the grounds that it was "worthless;" and that the debtors failed to satisfactorily explain a loss of assets by their failure to respond to questions about the sale of the lounge. Debtors deny knowingly and fraudulently making a false oath, and further reply that Filmar has set forth no facts concerning any alleged loss or deficiency of assets. Moreover, debtors argue that, except for a possible claim by the purchaser after rescission, the money they had received belonged to them and could be used for any legitimate purpose.

## DISCUSSION

Section 727 is the heart of the fresh start provision of bankruptcy law which provides relief to the poor but honest debtor who has tried his best to pay his creditors and failed. *In re Khan*, 35 B.R. 718, 719 (Bankr.W.D.Ky.1984); *In re Rubin*, 12 B.R. 436, 440 (Bankr.S.D.N.Y.1981). Section 727 is the vehicle through which the court can preclude abusive debtor conduct. *In re Shapiro*, 59 B.R. 844, 847 (Bankr.E.D.N.Y.1986). A Chapter 7 debtor must deal fairly with his creditors and when it can be demonstrated otherwise, discharge is denied. *In re Haron*, 31 B.R. 466, 468 (Bankr.D.Conn.1983). In particular, section 727(a)(2) denies a debtor a discharge when the debtor, within one year before his petition is filed, transfers property owned by him that would have become property of the estate and does so with actual intent to hinder, delay, or defraud creditors.[3]

In a Chapter 13 proceeding, property of the estate includes any property a debtor receives after the petition is filed but before the case is closed. 11 U.S.C.

§ 1306(a)(2); R. Ginsberg, Bankruptcy ¶ 14,205 (1985). Clearly any money received in connection with the lounge by the debtors herein was property of their Chapter 13 estate which then revested in the debtors on dismissal of their Chapter 13 proceeding. Therefore, debtors transferred their property, i.e., the proceeds received, within one year before the pending Chapter 7 proceeding was filed. The issue is whether they possessed the requisite intent to hinder, delay, or defraud creditors.

Although constructive intent is insufficient, *In re Lineberry*, 55 B.R. 510, 512 (Bankr.W.D.Ky.1985), an inference of actual intent to defraud creditors may be drawn from extrinsic evidence of the debtor's actions. *In re Reed*, 18 B.R. 462, 464 (Bankr.E.D.Tenn.1982); *In re Rubin, supra*, 12 B.R. at 442. Because a debtor is unlikely to directly testify that his intent was fraudulent, the court may deduce fraudulent intent from all the facts and circumstances of a case. *In re Shumate*, 55 B.R. 489, 494 (Bankr.W.D.Va.1985). A debtor's giving away of property while insolvent without paying creditors is regarded as indicative of actual fraudulent intent on a debtor's part. R. Ginsberg, Bankruptcy ¶ 11,103 (1985).

In the instant case, the debtors disposed of approximately $10,000 without paying anything to this particular creditor, Filmar. The court is mindful of the fact that an intent by a debtor to prefer certain creditors is not a sufficient substitute for an intent to hinder, delay, or defraud creditors. 4 Collier on Bankruptcy ¶ 727.02[3] at 727-14 (15th ed. 1985). However, the debtors utilized the sale proceeds at a time when this Plaintiff was seeking to collect its debt and their disposition of the funds subsequently rendered the debtors insolvent. Moreover, the debtors contracted to sell the lounge business without leave of court during the brief pendency of their

---

3. Section 727(a)(2)(A) of the Bankruptcy Code provides:

(a) The court shall grant the debtor a discharge, unless—

(2) The debtor with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this

title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition;

11 U.S.C. § 727(a)(2)(A).

Chapter 13 proceeding. Any money received, whether or not debtors had any business to sell, would and should have inured to the benefit of those creditors of the Chapter 13 estate who subsequently became creditors of the Chapter 7 estate. The facts herein demonstrate an overall pattern of conduct that strongly supports an inference of intent to hinder, delay, or defraud creditors, and this plaintiff in particular. Consequently, discharge of the debtors must be denied.

■ Denial of debtors' discharge is further warranted under the provisions of section 727(a)(5) which section compels a debtor to maintain his financial affairs in a good faith manner. *See, In re Shapiro,* 59 B.R. 844, 848 (Bankr.E.D.N.Y.1986). Section 727(a)(5) provides:

(a) The court shall grant the debtor a discharge, unless—

(5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

Section 727(a)(5) is broadly drawn and clearly gives a court wide discretion to decline to grant a discharge in bankruptcy where the debtor does not adequately explain a shortage, loss, or disappearance of assets. *In re Martin,* 698 F.2d 883, 886 (7th Cir.1983). Although a "satisfactory explanation" has not been definitively defined, the debtor, to comply with the duty implicit in section 727(a)(5), must explain his losses or deficiencies in a manner that will convince the court of his good faith and businesslike conduct. *In re Shapiro, supra,* 59 B.R. at 848.

In their response to the motion for summary judgment, debtors explain that approximately $10,000.00 of the money in issue was spent making payments on various debts, for normal living expenses, for a liquor license, and for a vacation, all of which expenses are itemized by the debtors. Although a portion of these expenses appear to be reasonable, the court finds certain items evidence a lack of good faith on debtors' part in maintaining their financial affairs prior to filing their subsequent Chapter 7 petition within a month after their Chapter 13 petition was dismissed.[4]

Therefore, the court further concludes that debtors' discharge should be denied pursuant to section 727(a)(5). Since the court's conclusions are dispositive of plaintiff's complaint objecting to discharge, the court need not address the issues implicated by plaintiff's remaining allegations under section 727(a)(3), and section 727(a)(4)(A) and (D).

IT IS THEREFORE ORDERED THAT plaintiff's motion for summary judgment be and is hereby granted. Accordingly, debtors are denied a discharge in their pending Chapter 7 proceeding.

---

**4.** In particular, the court notes the payment of $750.00 on food, $500.00 on clothing, $1325.68 on a trip to Las Vegas, and $500.00 on "miscellaneous bills" after itemizing substantial bill payments of approximately $6,800.00 for that short period of time.