In re Eleanor GORDON, Debtor.

Daniel RICHTER, Plaintiff,

v.

Eleanor GORDON, Defendant.

Bankruptcy No. 87–01763–BKC–SMW.
Adv. No. 87–0399–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

Feb. 26, 1988.

Joseph Gassen, Stroock & Stroock & Lavan, Miami, Fla., for plaintiff.

Andrew Nierenberg, Coral Gables, Fla., for defendant/debtor.

Robert Hewitt, Miami, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

This cause was tried before the Court upon the complaint of Daniel Richter ("Richter") for denial of discharge of Eleanor Gordon (the "debtor"), in four separate counts under 11 U.S.C. § 727 and seeking exception of the debt to Richter from the discharge in two separate counts under 11 U.S.C. § 523. The Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Even though the debtor has filed no answer in this adversary case, the Court deems that she has generally denied the allegations of the complaint through positions taken by the debtor in pre-trial matters heard before the Court, the discovery in the case and statements made by counsel for the debtor at the trial.

The debtor filed an individual voluntary petition under Chapter 7 of the Bankruptcy Code on May 21, 1987. She is separated from but still married to her husband, Lawrence Gordon, who is a real estate developer in the South Florida area acting through various corporations, partnerships and joint ventures. The debtor, although not actively engaged in business, served as officer of some of her husband's entities, and as such signed various corporate documents, essentially loan transactions, in connection with business matters. Additionally, the debtor owns 25% of the capital stock of Larjim Management Corp. ("Larjim") a company controlled by her husband and she conducted business on her own behalf and as agent for another person.

In April 1984 the debtor acquired a 13.43 carat diamond ring in a platinum setting from Richter. The debtor did not return or pay for the ring and in April 1987, Richter obtained a Final Judgment against the debtor in the amount of $224,617 in state court.

The debtor owned other jewelry worth $248,000 on both cost and estimated value bases as of March 31, 1984, the date of the last joint husband and wife financial statement furnished by the debtor's husband to a creditor bank. Thereafter, in June 1984 she bought a $12,500 diamond ring from Peikin Jewelers. The debtor bought additional jewelry utilizing funds in her Shearson/American Express ("Shearson") account in the months following her receipt of large sums of money from Larjim in October 1985. None of this jewelry is presently in the debtor's possession.

The debtor's husband paid to her or for her benefit some $100,000 from his personal account in support payments commencing approximately three and a half years prior to the debtor's filing her bankruptcy petition. She also received $189,500 from Larjim during 1985 and 1986, $7,000 of which were support payments. She also borrowed $50,000 cash from Leo Cohen in December 1984. The debtor claims none of this money is in her possession at present.

The debtor owns 125 shares representing 25% of the capital stock of Larjim which had a value of not less than $60,000 at the time she filed her bankruptcy petition. Her Shearson account had a balance of $4,351.96 as of May 31, 1986—less than one year before filing her bankruptcy petition.

▪ The Court finds that the evidence presented by Richter overwhelmingly sustains his four counts for denial of discharge and one of his two counts for excepting the debtor's obligation to him from discharge.

In Count I of the complaint Richter seeks that discharge be denied to the debtor under 11 U.S.C. § 727(a)(2)(A) and (B). This section requires that the debtor not be discharged if, with intent to hinder, delay, or defraud a creditor, she has transferred, removed, destroyed, mutilated, or concealed property of the estate within a year before filing or after filing her bankruptcy petition.

The Court cannot accept the debtor's explanation without corroborating evidence, that she sold or gave away more than $250,000 worth of jewelry and has spent all of the proceeds of those sales as well as the cash she received from her husband and from Larjim on living expenses and for medical and other expenses associated with one son's drug problems.

At trial the debtor could corroborate the sale of jewelry only in the amount of approximately $9,000 with respect to a few items sold to Arthur Libman, a jeweler in Hallandale, Florida. Although the debtor testified that she sold the diamond ring purchased from Peikin Jewelers to an unnamed purchaser in November or December 1986, the Court cannot accept the debtor's explanation since her explanation is not corroborated and is contradicted by other evidence.

Additionally, there is no reference in the debtor's bankruptcy petition and supporting documents to the Larjim stock, the Shearson account, or the $182,500 the debtor received from Larjim in 1985 and 1986, although such information is required in the schedules and statement of affairs.

The Court, therefore must, and does, conclude that the debtor transferred or concealed property of the estate within one year before filing or after filing her petition with intent to hinder, delay, or defraud a creditor thus barring her discharge under 11 U.S.C. § 727(a)(2)(A) and (B).

▪ The debtor's discharge is also barred under 11 U.S.C. § 727(a)(3) as prayed in Count II of the complaint for failure to produce any recorded information from which her financial condition or business transactions might be ascertained. Such failure is not justified by the circumstances of the case. All records of or pertaining to the debtor which are in evidence were offered by the plaintiff. These were uncovered after painstaking discovery, much of which was resisted by the debtor and her husband.

Even though this debtor does not operate any business of her own she has displayed a level of sophistication which makes her failure to keep sufficient books and records of her financial condition or business transactions unjustified. The debtor has no records of the sale of over $200,000 worth

of jewelry and her explanation of those sales is dubious at best. The debtor did not produce any records of the expenditure of the cash she received from Larjim and from her husband which did not go into her Shearson account or a record of the expenditure of funds from the Shearson account after she converted the funds to cash in the form of deposits to her bank or cash withdrawals. The debtor has not filed tax returns for 1984, 1985 or 1986.

█ Once Richter shows that the debtor's records are inaccurate, the burden shifts to the debtor to justify the nonexistence of the records. *In re Horton (Stewart Enterprises, Inc. v. Horton)*, 621 F.2d 968 (9th Cir.1980) citing *Moffett v. Union Bank*, 378 F.2d 10 (9th Cir.1967) and *Gunzburg v. Johannesen*, 300 F.2d 40 (5th Cir.1962). Based on the foregoing, discharge must be denied under § 727(a)(3).

█ Discharge must also be denied under 11 U.S.C. § 727(a)(4)(A) and (D) as prayed in Count III of the complaint. This section provides that discharge not be granted if the debtor knowingly and fraudulently, in or in connection with the bankruptcy case, made a false oath or account or withheld from an officer of the estate entitled to possession any recorded information relating to the debtor's property or financial affairs.

The Court finds that many of the debtor's sworn statements are demonstrably false by reason of her own contradictory sworn statements, the more credible testimony of others and documentary evidence produced. Examples of these statements are in connection with the ownership of an $8,000 diamond ring in possession of Richter, the ownership of personal property in her residence, the income she received in 1985 and 1986, her Shearson account, and her ownership of 125 shares (25%) of Larjim.

A bankruptcy discharge may be denied if the false oath relates to a matter material to the condition of the estate or to the debtor's entitlement to discharge. *Collier on Bankruptcy* (15th ed.) ¶ 727.04 n. 4. The Court finds the debtor's false oaths concerning these matters were material.

*Coccia v. Fisher*, 4 B.R. 517, 2 C.B.C.2d 305 (Bktcy.S.D.Ala.1980).

The debtor did not furnish to the trustee records reflecting the Shearson account or her receipt of large sums of money from Larjim and from the alleged sale of jewelry.

The purpose of the discharge in bankruptcy is to give the debtor a fresh start in life. In exchange for that fresh start the bankruptcy laws require that the debtor accurately and truthfully present herself before the Court. A discharge is only for the honest debtor. *Matter of Garman*, 643 F.2d 1252 (7th Cir.1980).

█ The debtor has failed to satisfactorily explain the loss or deficiency of assets to meet her liabilities thus barring her discharge under 11 U.S.C. § 727(a)(5) as requested in Count IV of the complaint.

Neither the Code nor the legislative history sets forth a definition of the word "satisfactorily." An effort to define the word is set forth in the case *In re Shapiro & Ornish*, 37 F.2d 403 (D.Ct.N.D.Tx.1929):

"The word 'satisfactorily' ... may mean reasonable, or it may mean that the Court, after having heard the excuse, the explanation, has that mental attitude which finds contentment in saying that he believes the explanation—he believes what the bankrupt says with reference to the disappearance or the shortage. He is satisfied. He no longer wonders. He is contented." 37 F.2d 406.

The debtor testified that she either gave away or sold hundreds of thousands of dollars worth of jewelry. Yet, the debtor has not a single receipt for any jewelry sold, cannot recall where she sold the jewelry, nor the amounts she received for each sale (except for the small amount sold to Libman). Furthermore, the debtor testified that all monies received were used to cover her living expenses or her son's drug related expenses. The debtor has not produced documentation to substantiate where the monies she received went. A satisfactory explanation is one which leaves the Court contented and does not make the Court wonder. The unsubstantiated state-

ments of the debtor to explain a loss of substantial assets to meet her liabilities raise more questions than they answer. As in *Shapiro supra* the Court is not contented with such an explanation made after she was caught in serious misrepresentations.

Richter also seeks to have the debtor's obligation to him excepted from discharge in two counts of his complaint. He is entitled to have his claim excepted from discharge on only one of those two counts.

Richter had delivered a 13.43 carat diamond ring in a platinum setting to the debtor with the understanding that the debtor would either purchase the ring or return it. She did neither claiming that the ring was stolen while she and a friend of hers were on a gambling junket in Lake Tahoe, Nevada. Richter sued her in a state court action resulting in the Judgment against her.

In Count V of the complaint Richter seeks to have the state court judgment excepted from discharge under 11 U.S.C. § 523(a)(4) which requires such exception for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny. Richter has not established any of these grounds for excepting his claim from discharge. Therefore, the Court will not except the debt to Richter from discharge under 11 U.S.C. § 523(a)(4) as requested in Count V of the complaint.

■ However, the Court finds the state court judgment should be excepted from discharge under 11 U.S.C. § 523(a)(6) as requested in Count VI of Richter's complaint. This section excepts a debt from discharge for the willful and malicious injury by the debtor to the property of another entity. The injury in this case was the theft or loss of the ring. In the case of *Vickers v. Home Indemnity Company, Inc.*, 546 F.2d 1149 (5th Cir.1977), the Court of Appeals set forth what is necessary for an act to come within the prohibitions of 11 U.S.C. § 523(a)(6):

"An injury to person or property may be a malicious injury within this provision if it was wrongful and without just cause or excuse, even in the absence of person-al hatred, spite or ill will. The word 'willful' means nothing more than intentionally doing an act which necessarily leads to injury. Therefore, a wrongful act done intentionally, which necessarily produces harm and is without just cause or excuse, may constitute a willful and malicious injury." 546 F.2d 1150.

The decisional authority of the Fifth Circuit Court of Appeals was adopted as precedent by the Eleventh Circuit Court of Appeals and is therefore controlling in this jurisdiction on this point. *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981).

The acts intentionally done by the debtor which necessarily resulted in the injury to the property of Richter are the taking of the ring on the gambling junket to Lake Tahoe despite being instructed not to do so, the wearing of the ring on a daily basis to the gambling casino, and the failure to safeguard the ring by putting it in the hotel safe deposit vault with her other jewelry while not being worn.

■ The debtor argues that since the final judgment rendered in favor of Richter in the state court does not within its confines spell out any findings which would predicate an exception from discharge, this Court cannot consider evidence in support of the request to except the debt from discharge. However, that is not the law. A bankruptcy court may consider evidence extrinsic to the judgment and record of a state court suit when determining dischargeability of a debt. Neither the doctrine of res judicata nor collateral estoppel applies. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979); *Spilman v. Harley*, 656 F.2d 224 (6th Cir.1981).

A separate final judgment denying the debtor's discharge under 11 U.S.C. §§ 727(a)(2)(A) and (B), 727(a)(3), 727(a)(4)(A) and (D) and 727(a)(5) and excepting from discharge the debt owed Daniel Richter under 11 U.S.C. § 523(a)(6) is being entered in conformity herewith.