In re Leon WYSOCKI, Debtor.

BARNETT BANK TRUST CO., N.A., Plaintiff,

v.

Leon WYSOCKI, Defendant.

Bankruptcy No. 86–3993–BKC–8P7. Adv. No. 86–606.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 22, 1989.

Michael P. Brundage, Tampa, Fla., for plaintiff.

Leo Meirose, St. Petersburg, Fla., for defendant.

FINDINGS OF FACT, CONCLUSIONS OF LAW, MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matters under consideration are several claims set forth in a Complaint filed by Barnett Bank Trust Co., N.A. (Barnett) against Leon Wysocki (Debtor) involved in this Chapter 7 case. In Count I Barnett seeks an order from this Court declaring that the obligation allegedly due and owing by the Debtor to the Plaintiff shall be declared to be nondischargeable on the basis that the Debtor furnished a false financial statement to the Bank pursuant to 11 U.S.C. § 523(a)(2)(B). The claim set forth in Count II of the Complaint seeks an order from this Court denying the Debtor's general bankruptcy discharge pursuant to 11 U.S.C. § 727(a)(3) of the Bankruptcy Code based on the allegation that the Debtor failed to keep or maintain any records or books from which the Debtor's financial condition could be ascertained. The claim in Count III of the Complaint also seeks a denial of the Debtor's discharge pursuant to 11 U.S.C. § 727(a)(5) of the Bankruptcy Code on the basis that the Debtor has failed to satisfactorily explain the loss of assets. In response to the allegations contained in the Complaint, the Debtor contends that the Plaintiff has failed to meet its burden of proof sufficient to warrant the denial of the Debtor's discharge under 11 U.S.C. § 727(a)(5) and (a)(3). At the final evidentiary hearing, the following facts which are relevant and germane to a resolution of the matters under consideration were established and are as follows.

At the time relevant to the matter under consideration, Leon Wysocki, the Debtor was the sole general partner of Tangerine Retirement Center, Ltd. Tangerine Retirement Center, Ltd., was a limited partnership which was formed for the purpose of developing an adult congregate living facil-

ity located in Brooksville, Florida, known as the Tangerine Retirement Center. It appears that the City of Brooksville issued industrial revenue bonds to fund the development of the project. The Plaintiff, Barnett Bank Trust Co., was the trustee for the bond holders. On November 1, 1983, the Debtor executed and delivered to Barnett a limited guarantee agreement (Plaintiff's Exh. 5). By the terms of the guarantee, the Debtor guaranteed repayment principal and interest on the bonds. It appears that for a while the Debtor made his interest payments on the bond, but somewhere sometime in January 1985, Tangerine defaulted on its obligation to repay by failing to make the interest payment due for that month. It appears that in connection with this guarantee, the Debtor submitted his personal financial statement to the City of Brooksville. That financial statement indicated that the Debtor had total assets of $4,475,168.00. At the final evidentiary hearing, the record also revealed that the Debtor's September 21, 1984, financial statement showed total assets of $5,250,969.00. There also appears to have been put into evidence two bank accounts which were in the Debtor's name individually. The first account was held at Freedom Savings & Loan and was opened by the Debtor on January 16, 1985, with a $50,000.00 deposit (Plaintiff's Exh. No. 41). The second account held in the Debtor's individual names was an account opened at Barnett Bank of Pasco County with a balance of $226,716.63. Plaintiff's Exh. No. 14–39 indicate that the Debtor was the record owner of several pieces of real property through the period of 1982 through 1985. It is the Plaintiff's contention that all of these assets and all of these deeds indicate that at one point in time, the Debtor owned substantial and significant assets, which assets were not listed on the Debtor's schedules and statements of financial affairs filed in connection with his Petition for Relief under Chapter 7 of the Bankruptcy Code. In light of the unexplained loss, disposal or disappearance of these assets prior to the Petition and the nonexistence of any of the Debtor's records to indicate the disposition of these assets, it is the Plaintiff's contention that the Debtor

should be denied a discharge pursuant to § 727(a)(3), or in the alternative § 727(a)(5) of the Bankruptcy Code.

Under § 727(a)(3) of the Bankruptcy Code, the Debtor will be denied a discharge if

... the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case; ....

The initial burden of proof under § 727(a)(3) is on the Plaintiff, B.R. 4005. Once the objecting party shows that the Debtor's records are absent or are inadequate, the burden of proof then shifts to the Debtor to justify the inadequacy or nonexistence of the records. *Stuart Enterprises v. Horton*, 621 F.2d 968 (9th Cir. 1980); *Goff v. Russell*, 495 F.2d 199 (5th Cir.1974); *Richter v. Gordon*, 83 B.R. 78 (Bkrtcy.S.D.Fla.1988)

The Debtor, testified at the trial that having been blind for twenty-five years, all records pertaining to his own personal finances were kept by his accountants, Oliver & Co. Clint Patterson, a certified public accountant employed by Oliver & Co., testified that he prepared the Debtor's personal income tax returns for the tax years 1983—1987. The testimony from Mr. Patterson indicated that he did not have any source documents with which to prepare the Debtor's individual tax returns. In fact, the returns were prepared by him based on information provided to him by the Debtor. It appears that all the information came solely and completely from the Debtor's memory. It also appears that Ralph Garcia, a certified public accountant, with a specialty in accounting for developers and with expertise in adequacy of business records, testified on behalf of the Plaintiff as an expert witness. Mr. Garcia reviewed the documents maintained by Oliver & Co. with respect to the Debtor individually. Based on what he examined, Garcia opined that the Debtor's records were not sufficient to allow one to trace the acquisition, disposition or existence of his

personal assets between 1982—1986. Mr. Garcia also indicated that in his opinion that at a minimum, a person ostensibly involved in buying and selling of real estate, as the Debtor was, there should be copies of deeds and copies of closing statements. None of the Debtor's records contained any such documents relating to the transactions.

Based on the foregoing, this Court is satisfied that the Debtor's failure to maintain books and records concerning his business transactions, records from which his financial condition can be ascertained, was not justified under the circumstances. In light of the foregoing, it is unnecessary to rule on the alternative ground asserted by Barnett based on the alleged failure of this Debtor to satisfactorily explain the loss of his assets, neither is it necessary to rule on the claim of nondischargeability pursuant to § 523(a)(2)(B).

A separate Final Judgment shall be entered in accordance with the foregoing.