In re John Richard **BAKER**, f/d/b/a Baker Holdings, Ltd., d/b/a Omnicon Display, Phoenix Display, Inc., and Grace Elaine Baker, a/k/a Grace Nelson, f/d/b/a Baker Holdings, Ltd., d/b/a Omnicon Display, Phoenix Display Inc., Joint Debtors.

Susan **NETHERTON**, David Netherton, and Omnicon, Ltd., an Illinois corporation, Plaintiffs,

v.

John Richard **BAKER** and Grace Elaine Baker, Joint Debtors Defendants.

Bankruptcy No. 96 B 07552.
Adversary No. 96 A 00981.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Feb. 6, 1997.

128

Bruce de'Medici and Laura A. Hriszko, Weinstein, Fischer, Riley, Erickson & Wolf, P.S., Chicago, IL, for Plaintiffs.

Robert A. Filpi, Stack & Filpi Chartered, Chicago, IL, for Defendants.

David R. Brown, Trustee, Des Plaines, IL.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the complaint of Susan Netherton, David Netherton, and Omnicon, Ltd. (collectively the "Plaintiffs") objecting to the discharge of John Richard Baker and Grace Elaine Baker (collectively the "Debtors") pursuant to 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A). For the reasons set forth herein, the Court hereby grants judgment in favor of the Plaintiffs on Count II of the complaint as to John Richard Baker, but not as to Grace Elaine Baker. John Richard Baker's discharge is denied, and the objection thereto under 11 U.S.C. § 727(a)(4)(A) is sustained. Grace Elaine Baker's discharge shall issue forthwith. The Debtors' motion for directed findings is

granted under Federal Rule of Bankruptcy Procedure 7052 on Count III of the complaint. The Court grants judgment in favor of the Debtors on Count III of the complaint. Each party shall bear its own attorneys' fees.

## I. *JURISDICTION AND PROCEDURE*

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and General Rule 2.33(A) of the United States District Court for the Northern District of Illinois. It constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(J).

## II. *FACTS AND BACKGROUND*

Many of the facts are not in dispute, including the genesis of the relations between the parties. On June 16, 1994, one of the Plaintiffs, Omnicon, Ltd., transferred the assets of its trade show display business to Baker Holdings, Ltd., a corporation operated by the Debtors. There remains due and owing over $75,000 on the acquisition price. Plaintiff, Susan Netherton, the former sole shareholder of Omnicon, Ltd., in order to assist the Debtors with the start-up of the business and to obtain working capital, guaranteed a series of promissory notes totaling approximately $220,000 that the Debtors made to LaSalle Northwest National Bank, which financed the sale. The Debtors are co-guarantors of those promissory notes with Susan Netherton. There remains approximately $170,000 due to LaSalle Northwest National Bank. The Debtors have, at times, conducted their businesses under various names, including Baker Holdings, Ltd., Omnicon Display, and Phoenix Display, Inc. The present dispute focuses on another matter, however, which the Plaintiffs contend is an undisclosed fish business and its assets, but which Mr. Baker contends is his hobby.

Mr. Baker testified that raising tropical fish is his hobby. Mr. Baker further testified that a tropical fish business was operated from the basement of the Debtors' residence by Michael Rocowski, a friend of Mr. Baker and fellow fish hobbyist. That business was known as Cichlids Etcetera. Mr. Rocowski paid the Debtors for the use of the electrical utilities. Mr. Baker testified that he and Mr. Rocowski planned to build the business to a point where they would become co-owners. That never materialized, and in the late months of 1995, Mr. Rocowski began to cease operating the business. Mr. Baker testified that by the date of the bankruptcy filing, March 25, 1996, the business was substantially closed, although some tropical fish remained. Mr. Baker additionally stated that neither he nor his wife received any proceeds from the operation or liquidation of Cichlids Etcetera.

Mr. Baker admitted that both at the time of the petition and at the present he owns approximately 100 fish tanks which are located in the basement of his residence. Mrs. Baker corroborated this testimony. Mr. Baker valued the tanks at between $300–500.00 and estimated their total acquisition cost at approximately $1,800–2,500. Mrs. Baker, on the other hand, valued the tanks at approximately $50.00. The Debtors' schedules admittedly do not list these fish tanks. Moreover, on Schedule B—Personal Property, Question 8, the Debtors indicated that there is no hobby equipment. At trial, Mr. Baker also admitted that at the 11 U.S.C. § 341 meeting of creditors, he testified that he owned no property other than that scheduled at the time the petition was filed.

The Plaintiffs filed the instant four-count complaint on July 15, 1996. On January 14, 1997, the parties dismissed Counts I and IV of the complaint with prejudice. Accordingly, only Counts II and III of the complaint are at issue. Pursuant to these remaining counts, the Plaintiffs object to the Debtors' discharge under 11 U.S.C. § 727(a)(2)(A) and (a)(4)(A). The Court will address each count in turn.

## III. *DISCUSSION*

### A. *General Standards for Objections to Discharge*

The discharge provided by the Bankruptcy Code is to effectuate the "fresh start" goal of bankruptcy relief. In exchange for that fresh start, the Bankruptcy Code requires debtors to accurately and truthfully present themselves before the Court. A discharge is only for the honest debtor. *Northern Trust Co. v. Garman (In*

re Garman), 643 F.2d 1252, 1257 (7th Cir. 1980), cert. denied, 450 U.S. 910, 101 S.Ct. 1347, 67 L.Ed.2d 333 (1981). Consequently, objections to discharge under 11 U.S.C. § 727 should be liberally construed in favor of debtors and strictly against objectors in order to grant debtors a fresh start. *Soft Sheen Prods., Inc. v. Johnson (In re Johnson)*, 98 B.R. 359, 364 (Bankr.N.D.Ill.1988); *Filmar, Inc. v. White (In re White)*, 63 B.R. 742, 744 (Bankr.N.D.Ill.1986).

The Plaintiffs have the burden of proving the objections. Fed. R. Bankr.P. 4005. The ultimate burden of proof in a proceeding objecting to a discharge lies with the plaintiff. *First Federated Life Ins. v. Martin (In re Martin)*, 698 F.2d 883, 887 (7th Cir.1983). The objectors must establish all elements by a preponderance of the evidence. *See Farouki v. Emirates Bank Int'l, Ltd.*, 14 F.3d 244, 249 n. 17 (4th Cir.1994); *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir.1992); *First Nat. Bank of Gordon v. Serafini (In re Serafini)*, 938 F.2d 1156, 1157 (10th Cir.1991); *see also Grogan v. Garner*, 498 U.S. 279, 286–87, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991) (established preponderance of the evidence standard regarding dischargeability determinations under 11 U.S.C. § 523). Because denial of discharge is so drastic a remedy, courts may be more reluctant to impose it than to find a particular debt nondischargeable. *See Johnson*, 98 B.R. at 367 ("The denial of discharge is a harsh remedy to be reserved for a truly pernicious debtor.").

## B. Whether the Debtors should be denied a discharge under 11 U.S.C. § 727(a)(4)(A)

Pursuant to Count II of the complaint, the Plaintiffs seek to have the Debtors' discharge denied under 11 U.S.C. § 727(a)(4)(A). The Plaintiffs allege that the Debtors' filed schedules, specifically Schedule B—Personal Property, Question 12, list as the only stock and interest in incorporated and unincorporated businesses as 100% of the issued stock of Baker Holdings, Ltd., an Illinois corporation which no longer conducts business. The Debtors' schedules list no interest in partnerships or joint ventures. The Plaintiffs

contend that the Debtors are currently operating a tropical fish business from the basement of their residence, known as Cichlids Etcetera, either alone or in partnership with Mr. Rocowski. Further, the Plaintiffs maintain that the Debtors owned at one time approximately 150 fish tanks stocked with tropical fish in the basement of their residence. During the 11 U.S.C. § 341 meeting of creditors, the Debtors did not disclose the business or the existence of the fish tanks or fish to the Chapter 7 case trustee. Further, the Debtors failed to list these assets on their schedules. The Plaintiffs argues that these actions were knowing and fraudulent in connection with the case making a materially false oath.

Section 727(a)(4)(A) of the Bankruptcy Code provides as follows:

(a) The court shall grant the debtor a discharge, unless—

(4) the debtor knowingly and fraudulently, in or in connection with the case—

(A) made a false oath or account

11 U.S.C. § 727(a)(4)(A). The purpose behind this subsection is to enforce a debtor's duty of disclosure and to ensure that the debtor provides reliable information to those who have an interest in the administration of the estate. *Bensenville Community Center Union v. Bailey (In re Bailey)*, 147 B.R. 157, 163 (Bankr.N.D.Ill.1992) (citations omitted).

In order to prevail, the Plaintiffs must establish five elements under § 727(a)(4)(A): (1) the Debtors made a statement under oath; (2) the statement was false; (3) the Debtors knew the statement was false; (4) the Debtors made the statement with the intent to deceive; and (5) the statement related materially to the bankruptcy case. *Bailey*, 147 B.R. at 162; *MacLeod v. Arcuri (In re Arcuri)*, 116 B.R. 873, 880 (Bankr.S.D.N.Y.1990). If made with the requisite fraudulent intent, a false statement, whether made in the schedules or orally at a § 341 creditors' meeting is sufficient grounds for denying a discharge provided it was knowingly made and is material. *Armstrong v. Lunday (In re Lunday)*, 100 B.R. 502, 508 (Bankr.D.N.D.1989).

In *In re Yonikus,* 974 F.2d 901 (7th Cir. 1992), the Seventh Circuit held that a debtor's failure to list a pre-petition personal injury and workmen's compensation claim on his schedules constituted grounds for revocation of the debtor's discharge (the *Yonikus* trustee sought to revoke debtor's discharge under 11 U.S.C. § 727(d)(2), the post-discharge equivalent to § 727(a)(4)(A)). In rejecting the debtor's argument that the workmen's compensation award was exempt and the personal injury claim was property of his employer and not him, the court stated, "[d]ebtors have an absolute duty to report whatever interests they hold in property, even if they believe their assets are worthless or are unavailable to the bankruptcy estate." *Id.* at 904 (citations omitted).

Section 727(a)(4) ensures that debtors will provide reliable information to parties with an interest in the administration of the estate. *Britton Motor Service, Inc. v. Krich (In re Krich),* 97 B.R. 919, 923 (Bankr. N.D.Ill.1988). It is a debtor's role to consider the questions posed on the schedules and at the creditors' meeting carefully, and answer them accurately and completely. *Lunday,* 100 B.R. at 508.

Turning to the matter at bar, the Plaintiffs first must establish that the Debtors made a statement under oath. A debtor's petition and schedules constitute a statement under oath for purposes of a discharge objection under § 727(a)(4). *See Nof v. Gannon (In re Gannon),* 173 B.R. 313, 320 (Bankr.S.D.N.Y.1994); *Golden Star Tire, Inc. v. Smith (In re Smith),* 161 B.R. 989, 992 (Bankr.E.D.Ark.1993). A statement under oath also includes statements made by the debtor when being examined at creditors' meetings. *See Nerco Coal Corp. v. Ball (In re Ball),* 84 B.R. 410, 415 (Bankr.D.Md.1988).

It is undisputed that in their filed schedules, the Debtors failed to list the approximate 100 fish tanks in their basement. Moreover, on their schedules the Debtors indicated that there was no hobby equipment. *See* Schedule B—Personal Property, Question 8. Further, when questioned at the § 341 meeting, Mr. Baker stated that he did not own any other assets other than those listed on the schedules. In both their answer to the complaint as well as their pretrial submissions, the Debtors denied that they owned any fish tanks. *See* Answer to Complaint, ¶ 28; Joint Pretrial Statement, ¶ 1, Count II p. 4 ("were the Court to find that such tanks were owned by the [Debtors], the [Debtors] would seek to amend their claim of exempt property to include such used tanks.") and Contested Facts, ¶ 2, ("That the fish tanks were owned by the Debtors."); Defendants' Compliance with 14–Day Submissions Required By Final Pretrial Order, Including Exhibit List and Exhibits, Witnesses, Grace Baker, ¶ 1 ("She will also testify that she never concealed the existence of Mr. Rocowski's business from the Nethertons or anyone else and that it was not listed in the schedules because the fish tanks and fish did not belong to her or her husband.").

At trial, however, both Debtors testified that Mr. Baker owned some 100 fish tanks. It was undisputedly his "hobby" or "business," not Mrs. Baker's. Additionally, the Bakers testified that these fish tanks were included in the six rooms of "furniture" listed in their Schedule B. However, on cross examination, Mrs. Baker stated that she did not consider the basement one of the six rooms in her home. The Court finds the Bakers' testimony somewhat disingenuous that the 100 fish tanks were intended to be encompassed within the unspecified six rooms of furniture scheduled. It was not until trial that the Bakers admitted that Mr. Baker owned 100 fish tanks, which flies in the face of the fact that no hobby equipment was checked off on the filed schedules. The Court finds such testimony less than credible on this point. Moreover, Mr. Baker called himself a fish hobbyist several time while on the witness stand. Nevertheless, he failed to list the 100 fish tanks, which took up his entire basement, on the schedules as hobby equipment. Furthermore, common sense leads to the conclusion that fish tanks are not properly characterized as "furniture." Accordingly, the Court finds that Mr. Baker made the requisite statements under oath.

Second, the Plaintiffs must show that such statements were false. Whether the Debtors made a false oath within the

meaning of § 727(a)(4)(A) is a question of fact. *Williamson v. Fireman's Fund Ins. Co.,* 828 F.2d 249, 251 (4th Cir.1987); *Continental Ill. Nat. Bank & Trust Co. of Chicago v. Bernard (In re Bernard),* 99 B.R. 563, 570 (Bankr.S.D.N.Y.1989). "Filing of false schedules with material omissions or misrepresentations with an intent to mislead creditors and the trustee as to a debtor's actual financial condition constitutes a false oath under section 727(a)(4)(A)." *Krich,* 97 B.R. at 923 (citation omitted). For the same reasons articulated with respect to the first element, the Court finds that the Plaintiffs have established the second element. The Debtors' schedules do not list Mr. Baker's fish tanks. Moreover, the schedules specifically omit any reference to hobby equipment. Additionally, Mr. Baker failed to reveal the existence of these assets when questioned at the § 341 meeting. Such omission of assets from schedules constitutes a "false oath," *Johnson,* 98 B.R. at 365, as does the failure to disclose assets when queried at a creditors' meeting. *Lanker v. Wheeler (In re Wheeler),* 101 B.R. 39, 49 (Bankr.N.D.Ind. 1989).

■ Third, the Plaintiffs must establish that the Debtors knew that the statement was false. Neither Debtor satisfactorily explained why the fish tanks were not disclosed as hobby equipment on the schedules. Subsequent voluntary disclosure through testimony or amendment to the schedules does not expunge the falsity of the oath. *Bailey,* 147 B.R. at 165. The Court finds the trial testimony that the tanks were intended to be included in the listed six rooms of furniture less than credible. Thus, the Court finds that Mr. Baker knew that the failure to list these assets, which were owned by him, and to reveal same at the creditors' meeting were false statements.

■ Fourth, the Plaintiffs must prove that the Debtors made the statements with fraudulent intent. To find the requisite degree of fraudulent intent, the Court must find that the Debtors knowingly intended to defraud the Plaintiffs or engaged in behavior which displayed a reckless disregard for the truth. *Yonikus,* 974 F.2d at 905; *Bailey,* 147 B.R. at 165. If a debtor's bankruptcy sched-

ules reflect a "reckless indifference to the truth" then the plaintiff seeking denial of the discharge need not offer any further evidence of fraud. *In re Calisoff,* 92 B.R. 346, 355 (Bankr.N.D.Ill.1988). The requisite intent under § 727(a)(4)(A) may be inferred from circumstantial evidence. *Yonikus,* 974 F.2d at 905; *Bailey,* 147 B.R. at 165; *Krich,* 97 B.R. at 923. However, discharge should not be denied where the untruth was the result of mistake or inadvertence. *Wheeler,* 101 B.R. at 49. The misstatement or omission must have been made knowingly and fraudulently; mere negligence is not sufficient to deny discharge to debtors. *Bernard,* 99 B.R. at 570. A discharge will not be denied if the debtor made the false oath inadvertently, carelessly, or under a mistaken belief. *American State Bank v. Montgomery (In re Montgomery),* 86 B.R. 948, 957 (Bankr.N.D.Ind.1988).

■ The Court finds that Mr. Baker's failure to disclose his fish tank equipment on the schedules and in his testimony given at the § 341 meeting constitutes a "reckless indifference to the truth." The omission of 100 fish tanks that substantially occupy an entire basement cannot be fairly characterized as an unintentional mistake or mere inadvertence on his part. Moreover, Mrs. Baker testified that she allegedly disclosed the existence of the fish tanks and Mr. Rocowski's Cichlids Etcetera business to her attorney when initially preparing the schedules prior to the filing of the case. The inference is the fish tanks were not listed on the schedules based on the advice of counsel. The Court finds such explanation insufficient and unpersuasive and, if the Bakers did rely on advise of counsel, such reliance was not reasonable. *See Furr v. Godley (In re Godley),* 164 B.R. 780, 782 (Bankr.S.D.Fla.1994) (court rejected debtor's claim that he relied on advice of counsel in failing to list assets on the bankruptcy schedules). *But see In re Mascolo,* 505 F.2d 274, 277 (1st Cir.1974) ("an explanation by a bankrupt that he had acted upon advice of counsel who in turn was fully aware of all the relevant facts generally rebuts an inference of fraud"). Further, Mrs. Baker's testimony is uncorroborated.

The Debtors, by signing the last page of the bankruptcy schedules and Statement of Financial Affairs, certified that they read each document and that they were true and correct to the best of their knowledge. The Court draws an inference that the omission of information from the bankruptcy schedules by Mr. Baker with respect to the fish tank equipment was undertaken knowingly and fraudulently. Therefore, the Plaintiffs have established the intent element.

Finally, the Plaintiffs must show that the statement related materially to the bankruptcy case. The debtor's false oath must relate to a material matter before it will bar a discharge in bankruptcy. *Lee Supply Corp. v. Agnew (In re Agnew)*, 818 F.2d 1284, 1290 (7th Cir.1987). The test for materiality of the subject matter of false oath is whether it "bears a relationship to the bankrupt's business transactions or estate, or concerns the discovery of assets, business dealings, or the existence and disposition of his property." *Bailey*, 147 B.R. at 162 (citations omitted). A false oath may be material even though it does not result in any detriment or prejudice to the creditor. *Scimeca v. Umanoff*, 169 B.R. 536, 543 (D.N.J.1993), *aff'd*, 30 F.3d 1488 (3d Cir.1994); *Congress Talcott Corp. v. Sicari (In re Sicari)*, 187 B.R. 861, 881 (Bankr.S.D.N.Y.1994). A matter is material if it is pertinent to the discovery of assets, past transactions, or the debtor's entitlement to discharge. *Richter v. Gordon (In re Gordon)*, 83 B.R. 78, 81 (Bankr.S.D.Fla. 1988).

The issue in this matter is not the Debtors' degree of disclosure of their assets, but rather, the total and complete failure of Mr. Baker to disclose the existence of his fish tanks. Even though Mrs. Baker valued the tanks as virtually worthless, a Chapter 7 debtor's duty of full disclosure extends even to assets that are worthless or invaluable to creditors. *See Tillery v. Hughes (In re Hughes)*, 184 B.R. 902, 909–10 (Bankr. E.D.La.1995). The tanks were valued by Mr. Baker to be worth several hundred dollars at least. Several circuit courts of appeal have determined that a false oath regarding even a worthless asset may constitute a material omission. *See Mertz v. Rott*, 955 F.2d

596 (8th Cir.1992); *Job v. Calder (In re Calder)*, 907 F.2d 953 (10th Cir.1990); *Chalik v. Moorefield (In re Chalik)*, 748 F.2d 616 (11th Cir.1984); *In re Robinson*, 506 F.2d 1184 (2d Cir.1974); *In re Mascolo*, 505 F.2d 274 (1st Cir.1974). The assertion that property is worthless or exempt is not a per se defense; it is a factor in determining materiality. *Bailey*, 147 B.R. at 163. The fish tanks' worth is a factor in determining materiality. The relative value of the assets, however, is not outcome determinative.

The Court finds that Mr. Baker's failure to disclose the fish tanks constitutes a material omission because the assets bear a relationship to his bankruptcy estate and concerns the discovery and existence of assets. The Court finds that there is a fundamental difference between the debtor who vaguely describes his assets in the schedules, but makes disclosure of the existence of those assets, and the debtor who completely omits to schedule the assets and continues such concealment at the § 341 meeting of creditors in his sworn testimony. The Debtors had an affirmative duty to fully disclose *all* assets. Mr. Baker's failure to do so constitutes a material omission. Accordingly, the Court finds that the Plaintiffs have met each element under § 727(a)(4)(A).

Thus, the Court holds that Mr. Baker's failure to list the fish tanks on the schedules, and his concealment of those assets at the creditors' meeting, constitutes grounds for the denial of his discharge. Mrs. Baker's discharge will not be denied under this count as there was no evidence adduced that she ever owned the fish tanks or that she participated in Mr. Baker's tropical fish hobby. The mere fact that the fish tanks were in the basement of their joint residence does not constitute proof that she owned these assets or participated in the hobby. Moreover, there was no evidence adduced at trial that she was asked any questions at the creditors' meeting to which she gave false answers under oath. A spouse's failure to disclose will not be automatically imputed to the other spouse because each has an independent duty to disclose all of his or her assets and liabilities, notwithstanding the Bankruptcy Code's provision which allows

134

spouses to file a joint case. *See* 11 U.S.C. § 302. Each joint debtor has a separate estate unless the two estates are substantially consolidated under § 302(b). *See Ageton v. Cervenka (In re Ageton)*, 14 B.R. 833 (9th Cir.BAP1981).

## C. Whether the Debtors should be denied a discharge under 11 U.S.C. § 727(a)(2)(A)

Pursuant to Count III of the complaint, the Plaintiffs seek to have the Debtors' discharge denied under 11 U.S.C. § 727(a)(2)(A). The Plaintiffs argue that the Debtors concealed their involvement in Cichlids Etcetera. The Plaintiffs allege that the Debtors, with the intent to hinder, delay, and defraud the Debtors' creditors, knowingly concealed the fish "business" and its related assets from the creditors and the case trustee.

Pursuant to 11 U.S.C. § 727(a)(2)(A), the Court will grant the Debtors a discharge unless the Plaintiffs can prove by a preponderance of the evidence that the Debtors:

(2) with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition

11 U.S.C. § 727(a)(2)(A).

■ Denial of discharge under this section requires proof of actual intent to hinder, delay or defraud a creditor. *In re Krehl*, 86 F.3d 737, 743 (7th Cir.1996); *Smiley v. First Nat. Bank of Belleville (In re Smiley)*, 864 F.2d 562, 566 (7th Cir.1989). In determining whether a debtor has acted with intent to defraud under § 727, the Court should consider the debtor's "whole pattern of conduct." *Bennett & Kahnweiler Assocs. v. Ratner (In re Ratner)*, 132 B.R. 728, 731 (N.D.Ill.1991) (quoting *In re Reed*, 700 F.2d 986 (5th Cir.1983)). The issue of a debtor's intent is a question of fact to be determined by the bankruptcy judge. *See Smiley*, 864

F.2d at 566. Actual fraudulent intent can be inferred from extrinsic evidence. *Id.; Krehl*, 86 F.3d at 743; *White*, 63 B.R. at 744 ("a debtor is unlikely to directly testify that his intent was fraudulent, the court may deduce fraudulent intent from all the facts and circumstances of a case"). "Thus, where the evidence on the intent question is such that two permissible conclusions may rationally be drawn, the bankruptcy court's choice between them will not be viewed as clearly erroneous." *Krehl*, 86 F.3d at 744 (citation omitted).

■ The Court finds that the Plaintiffs have failed to meet their burden of proof under § 727(a)(2)(A). The Court finds that the Plaintiffs failed to prove by a preponderance of the evidence that either Debtor owned or participated in Cichlids Etcetera such that the business should have been listed on their bankruptcy schedules. The record was devoid of any evidence that the Debtors had an interest in Cichlids Etcetera. Both Debtors testified that they were not partners, joint venturers, or in business with Mr. Rocowski or his company, Cichlids Etcetera. Further, the Bakers testified that they never filed tax returns for the business, never shared the loss or profits of the business, and never made any management decisions regarding the business. Additionally, the Bakers stated that Mr. Rocowski reimbursed them for the electricity charges he incurred from the fish tanks and related equipment in their basement. The Plaintiffs produced no contrary evidence at trial to show that the Debtors were partners of or in a joint venture relationship with Mr. Rocowski.

The Nethertons' testimony that Mr. Baker told them that he was in the tropical fish "business" is uncorroborated and somewhat biased. Mr. Baker denied making any such statement. Without more evidence, the Court is unable to find that the Debtors, with the intent to hinder, delay, and defraud the Plaintiffs, knowingly concealed the fish "business." Given all of the evidence, the Court is unable to find that the Debtors' fraudulently concealed their involvement in Cichlids Etcetera from the Plaintiffs or the case trustee. Indeed, the evidence was clear that Mr. Bak-

er, at all relevant times prepetition, openly engaged in his fish "hobby." There was no evidence that he ever in that year period prepetition transferred, removed, destroyed, mutilated, or concealed his fish or tanks and related equipment. Thus, the Plaintiffs have failed to prove this cause of action. Consequently, the Court hereby grants judgment in favor of the Debtors under Count III on the oral motion for directed findings made at the close of the Plaintiffs' case in chief under Federal Rule of Bankruptcy Procedure 7052.

### D. *Whether the Plaintiffs are entitled to costs and attorneys' fees*

■■■ The Plaintiffs seeks costs and attorneys' fees. The Plaintiffs failed to cite any provision in the Bankruptcy Code that warrants the award of costs and fees. Section 727 does not specifically authorize the Court to award attorneys' fees. In light of the absence of any statutory authority to award the Plaintiffs attorneys' fees, the Court will adhere to the "American Rule," which provides that in cases that are based upon or involve federal law, attorneys' fees are not allowable absent a statutory basis or enforceable contract between the parties. *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 247, 257, 95 S.Ct. 1612, 1616, 1621, 44 L.Ed.2d 141 (1975). The general rule applies to litigation in the bankruptcy courts. *See In re Reid,* 854 F.2d 156, 161–62 (7th Cir.1988) (claim for attorneys' fees based on wrongful appointment of interim trustee in involuntary case).

■■■ The Plaintiffs' causes of action are based on § 727(a)(2)(A) and (a)(4)(A). Because the remedy created by the Bankruptcy Code for denial of discharge does not give the Plaintiffs a statutory right to attorneys' fees, and there is no contract between the parties which provides for same, the Court declines to tax the Debtors with attorneys' fees. This result is consistent with other courts' views on this issue. *See Vandenbogart v. Minesal (In re Minesal),* 81 B.R. 477, 482 (Bankr.E.D.Wis.1988); *Palmisano v. Leslie (In re Leslie),* 44 B.R. 208, 209 (Bankr. D.Vt.1984). Taxable costs allowable under 28 U.S.C. § 1920 are awarded to the Plain-tiffs, who shall file their bill therefor within ten days hereafter.

### IV. CONCLUSION

For the foregoing reasons, the Court hereby grants judgment in favor of the Plaintiffs as to John Richard Baker, but not as to Grace Elaine Baker on Count II of the complaint. John Richard Baker's discharge is denied and the objection thereto under 11 U.S.C. § 727(a)(4)(A) is sustained. Grace Elaine Baker's discharge shall be issued forthwith. The Debtors' motion for directed findings is granted under Federal Rule of Bankruptcy Procedure 7052 on Count III of the complaint. The Court grants judgment in favor of the Debtors on Count III of the complaint. Each party shall bear its own attorneys' fees.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.

### *ORDER*

For the reasons set forth in a Memorandum Opinion dated the 6th day of February, 1997, the Court hereby grants judgment in favor of the Plaintiffs on Count II of the complaint as to John Richard Baker, but not as to Grace Elaine Baker. John Richard Baker's discharge is denied, and the objection thereto under 11 U.S.C. § 727(a)(4)(A) is sustained. Grace Elaine Baker's discharge shall issue forthwith. The Debtors' motion for directed findings is granted under Federal Rule of Bankruptcy Procedure 7052 on Count III of the complaint. The Court grants judgment in favor of the Debtors on Count III of the complaint. Each party shall bear its own attorneys' fees.